OPINION
GRABER, Circuit Judge:
Defendant Fidel Castro-Verdugo was convicted of illegal reentry in 2011. At sentencing, the district court imposed a period of probation along with a stayed custodial sentence, thereby exceeding the court’s authority under 18 U.S.C. § 3561(a)(3). In 2013, Defendant again was convicted of illegal reentry which, in addition to constituting a new crime, violated the conditions of his 2011 sentence of probation. On appeal from the probation revocation proceedings, Defendant argues that the district court in 2013 lacked jurisdiction because of the defect in the underlying 2011 sentence. Because Defendant never moved to correct the underlying sentence under 28 U.S.C. § 2255, he was in fact still serving a term of probation at the time of the new offense, so the district court in 2013 properly assumed jurisdiction under 18 U.S.C. § 3565(a). We therefore affirm.
FACTUAL AND PROCEDURAL HISTORY
Defendant is a Mexican citizen and national. In 2011, he pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326. He was sentenced to six months’ imprisonment and a five-year term of probation. The imposition of probation along with a custodial sentence was improper under 18 U.S.C. § 3561(a)(3), which precludes probation for a defendant who is sentenced to a term of imprisonment for the same offense. United States v. Forbes, 172 F.3d 675, 676 (9th Cir.1999). Although the sentence imposed was clearly erroneous and Defendant was represented by counsel, Defendant did not move to vacate, amend, or correct the sentence.
Among the conditions of Defendant’s 2011 probation were requirements that he (1) not violate any federal, state, or local laws and (2) not reenter the United States illegally. The court noted that Defendant had no criminal history but that he had already been removed, and told not to reenter illegally, about 30 times. As a condition of the plea agreement, Defendant waived the right to appeal or collaterally attack the court’s judgment, except for a collateral attack predicated on ineffective assistance of counsel. The court stayed Defendant’s custodial sentence, and he was removed.
In 2013, Defendant again pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326. The district court sentenced Defendant to six months’ imprisonment and three years’ supervised release for the new offense. As part of his plea agreement, *1068 Defendant again waived the right to appeal or collaterally attack the conviction or sentence, except for a collateral attack predicated on ineffective assistance of counsel.
The United States Probation Office petitioned the court for a warrant to revoke probation in connection with Defendant’s violation of his 2011 probation agreement. At the probation revocation proceedings, Defendant objected to the 2013 district court’s jurisdiction on the ground that the 2011 imposition of probation was improper under Forbes, 172 F.3d at 676. The district court concluded that it had jurisdiction to revoke Defendant’s probation. The court did so and sentenced Defendant to a prison term of six months and one day, to run consecutively with his term of imprisonment for the new offense, plus one year of supervised release, to run concurrently with the term of supervised release for the new offense. Defendant timely appeals the probation revocation and associated sentence.
STANDARDS OF REVIEW
We review de novo the district court’s assumption of jurisdiction over probation revocation proceedings. United States v. Daly, 839 F.2d 598, 599-600 (9th Cir.1988). If jurisdiction was proper, we review for abuse of discretion the district court’s sentence of supervised release. United States v. Daniels, 541 F.3d 915, 924 (9th Cir.2008).
DISCUSSION
A. The District Court Had Jurisdiction to Revoke Probation.
Defendant argues that the district court lacked jurisdiction to revoke his probation in 2013 because, when the district court imposed probation in 2011, it did so in conjunction with a sentence of imprisonment, which it lacked authority to do under 18 U.S.C. § 3561(a)(3). Forbes, 172 F.3d at 676. As an initial matter, the now-conceded defect in the 2011 sentence, although clear error, was not jurisdictional, “jurisdiction means today ... the courts’ statutory or constitutional power to adjudicate the case.” United States v. Cotton, 585 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (internal quotation marks omitted). The district court in 2011 had jurisdiction over Defendant’s federal offense under 18 U.S.C. § 3231. It had authority to impose a sentence following his conviction under 18 U.S.C. § 3551 but exceeded its statutory authority under 18 U.S.C. § 3561 by imposing probation along with a custodial sentence. A sentence imposed by a court that lacks jurisdiction and an excessive sentence are two different grounds for post-conviction relief. See, e.g., Hitchcock v. United States, 580 F.2d 964, 965 (9th Cir.1978) (enumerating the four distinct grounds for relief under 28 U.S.C. § 2255). “[A] rule should not be referred to as jurisdictional unless it governs a court’s ... subject-matter or personal jurisdiction ... even if important and mandatory....” Henderson ex rel. Henderson v. Shinseki, — U.S. -, 131 S.Ct. 1197, 1202, 179 L.Ed.2d 159 (2011) (citations omitted).
 But regardless of the nature of the underlying error, the validity of the 2011 sentence is not properly before us. “An appeal challenging a probation revocation proceeding is not the proper avenue through which to attack the validity of the original sentence.” United States v. Gerace, 997 F.2d 1293, 1295 (9th Cir.1993); see also United States v. Simmons, 812 F.2d 561, 563 (9th Cir.1987) (“[A]n appeal from a probation revocation is not the proper avenue for a collateral attack on the underlying conviction.”). Gerace controls. As here, the defendant in Gerace argued on an appeal from a probation revocation proceeding that there were legal *1069 defects in the imposition of the original sentence of probation.[1] We held that we could not reach the merits of the defendant’s argument, because any challenge to the underlying conviction should be brought as a 28 U.S.C. § 2255 petition. See Gerace, 997 F.2d at 1295. This holding is consistent with the rule from other circuits that have addressed the question. See United States v. Lewis, 498 F.3d 393, 395 (6th Cir.2007); United States v. Almand, 992 F.2d 316, 317-18 (11th Cir. 1993); Aterhortua v. Kindt, 951 F.2d 126, 128-29 (7th Cir.1991); United States v. Francischine, 512 F.2d 827, 828 (5th Cir. 1975). And, as we discuss in more detail below, the rule is required by 28 U.S.C. § 2255.
Defendant argues that he is not attacking the original 2011 sentence, but is instead challenging the jurisdiction of the district court in 2013 to conduct a probation revocation hearing. Because he was not serving a “valid” term of probation at the time of the probation revocation hearing, Defendant reasons, the district court lacked jurisdiction under 18 U.S.C. § 3565(a) to revoke his probation. But Defendant was serving a term of probation at the time of the probation revocation proceedings, albeit one imposed in error. He is attacking the validity of the original sentence, which must be done in a § 2255 petition, not in a probation revocation proceeding. Gerace, 997 F.2d at 1295. Indeed, our holding in Gerace recognizes that an underlying sentence may not always be valid, but that a court tasked with conducting or reviewing probation revocation proceedings may not investigate the validity of the original sentence. Id.; see also Simmons, 812 F.2d at 563 (“[A] court should consider the petition for probation revocation as if the underlying conviction was unquestioned.”).
In short, the only criteria necessary to create jurisdiction over probation revocation proceedings are (1) that the defendant still be serving a term of probation and (2) that the defendant violate its conditions. Under 18 U.S.C. § 3565(a)(2), “[i]f the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may ... revoke the sentence of probation and resentence the defendant.” Because Defendant had not moved to vacate, correct, or amend his 2011 sentence under 28 U.S.C. § 2255, and the term imposed had not expired, he was still serving a term of probation when he violated the conditions of his probation, thus satisfying the criteria to create jurisdiction in 2013.
Nothing in the two cases that Defendant cites, United States v. Schmidt, 99 F.3d *1070 315 (9th Cir.1996), overruled on other grounds by United States v. Palomba, 182 F.3d 1121, 1123 (9th Cir.1999), and United States v. Vargas-Amaya, 389 F.3d 901 (9th Cir.2004), suggests that Gerace does not control here. Schmidt and VargasAmaya considered for how long a district court retains jurisdiction to conduct probation revocation or parole revocation hearings, respectively. Title 18 U.S.C. § 3565(a) gives the district court authority to continue or revoke probation “at any time prior to the expiration or termination of the term of probation,” while 18 U.S.C. § 3565(c) allows the court to retain jurisdiction after the term of probation expires for “any period reasonably necessary for ... adjudication” so long as the warrant or summons was issued before the term expired. Consistent with that statutory text, Schmidt, 99 F.3d at 317, held that a district court that issued a summons during a defendant’s term of probation retained jurisdiction over probation revocation proceedings even after that term expired. Similarly, Vargas-Amaya, 389 F.3d at 906-07, held that, under 18 U.S.C. § 3583 (the analogous statute governing parole revocation proceedings), the district court lacked jurisdiction because it had failed to issue a warrant or summons before the defendant’s term of parole expired.
We have consistently recognized that an appeal from a probation revocation or parole revocation proceeding is the proper way to challenge the timing of that revocation proceeding — an issue completely independent from the validity of the underlying sentence (and an issue that necessarily could not have been appealed in a prior proceeding). See, e.g., United States v. Morales-Isabarras, 745 F.3d 398 (9th Cir. 2014) (considering, on appeal from a supervised release revocation proceeding, what delays are “reasonably necessary” to adjudication under 18 U.S.C. § 3583(D); United States v. Grant, 727 F.3d 928, 931-33 (9th Cir.2013) (considering, on appeal from a probation revocation proceeding, the circumstances that toll probation for the purposes of 18 U.S.C. § 3565(c)). Those cases do not change our clear rule that the validity of an underlying sentence of probation must be challenged under 28 U.S.C. § 2255. Gerace, 997 F.2d at 1295.
As a three judge panel, we are bound by Gerace. United States v. Orm Hieng, 679 F.3d 1131, 1139 (9th Cir.), cert. denied, — U.S. -, 133 S.Ct. 775, 184 L.Ed.2d 512 (2012). We also are convinced that it was correctly decided. The statute, 28 U.S.C. § 2255, outlines procedures for challenging the validity of a sentence that a district court “was without jurisdiction to impose ... or that ... was in excess of the maximum authorized by law.” Id. § 2255(a). The petitioner must first move the court that “imposed the sentence to vacate, set aside or correct” the verdict. Id. “If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law,” the court then has a number of options, including setting the judgment aside, re-sentencing the prisoner, or correcting the sentence. Id. § 2255(b). The statute “confers upon the district court broad and flexible power in its actions following a successful § 2255 motion.” United States v. Handa, 122 F.3d 690, 691 (9th Cir.1997) (internal quotation marks omitted). Had a § 2255 motion been brought before the district court, it could have corrected the sentence.[2] But the collateral challenge *1071 that Defendant seeks to bring in this appeal would circumvent the statutorily defined procedure.
Allowing a collateral attack on the underlying sentence of probation in an appeal from a probation revocation proceeding would also thwart Congress’ statute of limitations for correcting a sentence. Under 28 U.S.C. § 2255(f)(1), a petitioner has one year from “the date on which the judgment of conviction becomes final” to bring a motion under § 2255. Were we to entertain a challenge to a 2011 sentence via a collateral attack initiated in 2013, not only would we be ignoring the procedures outlined in § 2255, but we also would be defeating the statute of limitations that Congress imposed.
In short, Congress has told us in § 2255 both hoiu and when we may entertain a challenge to a sentence that was imposed in excess of statutory authority. The dissent’s policy arguments fail to identify an alternate source of authority pursuant to which we may rule on the validity of the underlying sentence. The dissent argues that the legal avenues available to Defendant were impractical, and that he lacked incentive to petition for relief in a timely fashion. Dissent at 1074-77. But § 2255’s time bar is the incentive. Collateral consequences are not always apparent immediately — indeed, in many cases, as in Defendant’s, they become meaningful only upon a later conviction. But after the one-year statute of limitations has passed, we may consider a § 2255 motion to vacate, set aside, or correct a sentence only if the petitioner establishes eligibility for equitable tolling by showing “‘(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.’ ” United States v. Buckles, 647 F.3d 883, 889 (9th Cir.2011) (quoting Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010)).[3]
We do not have a freestanding mandate to fix every mistake that we see. For example, we may not consider an asylum applicant’s claim, however compelling, that is not first exhausted before the Board of Immigration Appeals. Barron v. Ashcroft, 358 F.3d 674, 677-78 (9th Cir.2004). We lack jurisdiction over any appeal, no matter how strong the merits, that is untimely filed. Bowles v. Russell, 551 U.S. 205, 213, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). And we may not use an appeal from a probation revocation proceeding to reach back in time and revisit Defendant’s underlying sentence of probation, in contravention of the procedures set by Congress under § 2255.
However much we may agree that the 2011 sentence was imposed in error and that Defendant’s 2011 counsel should have moved to correct it promptly, Defendant in fact was still serving a term of probation in 2013. The district court in 2013 therefore had jurisdiction under 18 U.S.C. § 3565(a).
B. The District Court Did Not Abuse Its Discretion in Imposing a Term of Supervised Release.
In the alternative, Defendant challenges the imposition of a term of supervised release in connection with his 2013 proba *1072 tion violation. “On appeal, we first consider whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence.” United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc).
The district court committed no procedural error. In applying United States Sentencing Guideline § 5D1.1,[4] the district court noted two facts specific to Defendant’s case that suggested the advisability of an added measure of deterrence: (1) Defendant’s high number of prior reentries; and (2) the fact that Defendant had promised the district court during the pri- or proceeding that he would not reenter again, but then he reentered anyway. Nor did the district court commit procedural error in considering the relevant sentencing factors. “The district court need not tick off each of the § 3553(a) factors to show that it has considered them.” Carty, 520 F.3d at 992. The record reflects that the district court considered Defendant’s arguments and evidence. Daniels, 541 F.3d at 922. For example, the district court specifically noted that Defendant did not have a criminal record apart from his repeated illegal reentries. Because the district court understood its discretion and considered the specific facts of the case, there is no procedural error. Carty, 520 F.3d at 994-95.
Finally, the imposition of supervised release was not substantively unreasonable. We have upheld as substantively reasonable terms of supervised release for other defendants who were to be removed at the end of their custodial sentence. See, e.g., United States v. Valdavinos-Torres, 704 F.3d 679, 692-93 (9th Cir.2012) (upholding as reasonable a sentence of supervised release for a removable defendant where the facts of the case supported the district court’s conclusion that an added measure of deterrence was necessary), cert. denied, — U.S. -, 134 S.Ct. 1873, 188 L.Ed.2d 916 (2014). Where, as here, “the district court considered the specific facts presented by this case and ... its sentence was consistent with its assessment of these facts,” we find no substantive unreasonableness. United States v. Apodaca, 641 F.3d 1077, 1082 (9th Cir. 2011).
AFFIRMED.

. In Gerace, the defendant used an appeal from a 1992 probation revocation proceeding, in which a stay of his five-year suspended sentence was lifted, to challenge the underlying 1989 sentence, which had been imposed as part of a plea agreement. 997 F.2d at 1294. One of his two arguments was that the district court had erred in 1989 when it modified the sentence that had been proposed as part of the underlying plea agreement. Id. The five-year term of imprisonment imposed in 1992 stemmed from the defendant's 1989 modified sentence and, on appeal from the 1992 probation revocation proceedings, we held that we could not reach the portion of the defendant’s argument that concerned the alleged error in the 1989 sentencing. Id. at 1294-95. Gerace, like Simmons, stands for the simple proposition that we cannot reopen the underlying proceedings at which probation originally was imposed when the subject before us is probation revocation. This rule is so well settled and grounded in the text of 28 U.S.C. § 2255 that we generally apply it in a single sentence of a memorandum disposition. See, e.g., United States v. Juda, 510 Fed.Appx. 564, 565 (9th Cir.), cert. denied, U.S. -, 133 S.Ct. 2401, 185 L.Ed.2d 1113 (2013); United States v. Estrada, 360 Fed.Appx. 880, 881 (9th Cir.2009); United States v. Christensen, 356 Fed.Appx. 965, 965 (9th Cir.2009) (unpublished decisions).

. The dissent argues that such a motion would have been doomed to fail, because it would have been brought before the same district court that continued to insist on the lawfulness of the 2011 sentence. Dissent at 1074-75. Had the district court been presented with a § 2255 petition and a cogent, well-argued explanation of the problem, we are inclined to take a less cynical view and think that the court would have been willing *1071 to correct its mistake. In any event, had the district court denied a timely § 2255 petition, Defendant could have appealed to this court from a posture that allowed us to consider the validity of the 2011 sentence.

. We express no opinion as to whether Defendant could still bring a claim for ineffective assistance of counsel or some other claim, and whether equitable tolling would apply to such a claim on account of factors such as those described by the dissent, because those questions are not before us.

. Guideline § 5D 1.1(c) reads:
The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment.
Application note 5 to the Guideline explains:
Application of Subsection(c) — .... If such a defendant illegally returns to the United States, the need to afford adequate deterrence and protect the public ordinarily is adequately served by a new prosecution. The court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case.
U.S.S.G. § 5D 1.1(c), cmt. n.5.