
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50584 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-01740-LAB-1 |
| v. | |
| RAMON ANDRADE-CASTILLO, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50595 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03483-LAB-1 |
| v. | |
| RAMON ANDRADE-CASTILLO, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted August 5, 2014
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: REINHARDT, WARDLAW, and CALLAHAN, Circuit Judges.

Ramon Andrade-Castillo ("Andrade") appeals the district court's revocation of a term of probation that was imposed following Andrade's 2011 conviction for attempted illegal reentry under 8 U.S.C. § 1326. Andrade also appeals his sentence for a separate 2013 illegal reentry conviction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and remand in part.

In 2011, the district court sentenced Andrade to five years' probation and six months "time served" for one count of attempted illegal reentry. This combination of probation plus a term of imprisonment was unlawful under 18 U.S.C. § 3561. *See United States v. Forbes*, 172 F.3d 675, 676 (9th Cir. 1999) ("The statute precludes the imposition of both probation and straight imprisonment."). We reiterate that district courts lack statutory authority to impose both probation and a term of imprisonment for the same offense, even when the custodial component of the sentence is limited to time served. Nonetheless, Andrade may not collaterally attack the validity of his term of probation in a subsequent revocation hearing. *See*

*United States v. Castro-Verdugo*, 750 F.3d 1065, 1071 (9th Cir. 2014).[1] We

therefore affirm the district court's revocation of probation and its resulting

sentence.

During sentencing for Andrade's 2013 illegal reentry conviction, the district

court made reference to the cost of apprehending and prosecuting Andrade for

repeated illegal reentry. District courts may not consider cost as a sentencing

factor. *See United States v. Tapia-Romero*, 523 F.3d 1125, 1127 (9th Cir. 2008).

Because we find the sentencing record ambiguous as to whether the district court

materially relied on this impermissible factor, we remand to the district court to

clarify the basis for its sentence and determine in the first instance whether

resentencing is required.

We reject, however, Andrade's other allegations of procedural error. The

district court did not materially rely on a belief that Andrade had been *warned*

about reentering the country eighteen times, a fact not included in the record.

Rather, the district court's mention of warnings was ancillary to its discussion of

---

[1] We encourage defense counsel to timely object to unlawful terms of probation, and if necessary, file either a motion to correct the sentence under Rule 35 of the Federal Rules of Criminal Procedure or a notice of appeal. In addition, in some circumstances a habeas petition under 28 U.S.C. § 2255, *see Castro-Verdugo*, 750 F.3d at 1071, will be an appropriate vehicle to challenge an unlawful term of probation.

3

the need for deterrence in light of Andrade's six prior convictions and twelve prior deportations—facts supported by the record. Thus, the district court did not commit procedural error by "using clearly erroneous facts when calculating the Guidelines range or determining the sentence." *United States v. Armstead*, 552 F.3d 769, 776 (9th Cir. 2008). Nor did the district court procedurally err in imposing supervised release. We have treated the imposition of supervised release as an *application* of Sentencing Guideline § 5D1.1—rather than a departure from the Guidelines requiring greater explanation—where the district court finds advisable an added measure of deterrence. *See Castro-Verdugo*, 750 F.3d at 1072.

Finally, "[b]ecause we remand on a procedural error, we decline to reach [Andrade's] argument regarding the substantive reasonableness of his sentence." *United States v. Flores*, 725 F.3d 1028, 1042 (9th Cir. 2013); *see also Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED** in part; **REMANDED** in part.