

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50439 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-03303-LAB-1 |
| v. | |
| JORGE ANTONIO DE LA ROSA-CRUZ, AKA Jorge Perez-Cruz, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted November 5, 2015
Pasadena, California

Before: FARRIS and BYBEE, Circuit Judges and TIGAR,[**] District Judge.

Jorge De La Rosa-Cruz appeals the district court judgment revoking his

probation and sentencing him to 549 days in custody. We affirm in part and vacate

and remand in part.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Jon S. Tigar, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

The district court properly stated that it had to adjust De La Rosa-Cruz's probation revocation sentence upward based on time he had previously served. *See* U.S.S.G. § 7B1.3(e). However, the district court calculated the time previously served as 184 days. It appears from the record that De La Rosa-Cruz previously served 154 days, not 184 days. We vacate that portion of De La Rosa-Cruz's sentence and remand to the district court to correct this error.

De La Rosa-Cruz raises several other challenges to the revocation of his probation and to his sentence. None have merit. We affirm all other aspects of De La Rosa-Cruz's revocation and sentence.

De La Rosa-Cruz first argues that the district court erred in the way it handled his objection that his underlying sentence of time-served and probation was illegal. Under *United States v. Castro-Verdugo*, 750 F.3d 1065, 1068–69 (9th Cir. 2014), De La Rosa-Cruz could not have obtained any relief based on this objection at his revocation hearing. Even if the district court's choice of how to handle the objection was incorrect, De La Rosa-Cruz was not prejudiced.

De La Rosa-Cruz next argues that the district court impermissibly relied on the cost of apprehending and prosecuting him when fashioning his sentence. De La Rosa-Cruz did not object on this basis at the time of sentencing. We review for plain error. *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir.

2

2010).  Based on the record, the district court did not rely on this impermissible

factor.  However, for clarity's sake, we reiterate that the cost of apprehending and

prosecuting a defendant is an impermissible sentencing factor, and a district court

may not rely on it in formulating a sentence.  *See United States v. Escobar-*

*Escobar*, 596 F. App'x. 574, 575 (9th Cir. 2015) (unpublished); *United States v.*

*Andrade-Castillo*, 585 F. App'x. 346, 347 (9th Cir. 2014) (unpublished); *United*

*States v. Tapia-Romero*, 523 F.3d 1125, 1127 (9th Cir. 2008).

Finally, De La Rosa-Cruz argues that his sentence is substantively

unreasonable.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  In light of De La

Rosa-Cruz's equities, criminal history, repeated immigration violations, and

broken promise not to return to the United States, the net sentence of 12 months,

which was the low-end of the applicable Guidelines range, was substantively

reasonable.  The sentence was not made unreasonable by the fact that the conduct

underlying De La Rosa-Cruz's probation revocation sentence was the same

conduct underlying a separate drug conviction.

**AFFIRMED** in part; **VACATED** and **REMANDED** in part.