**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 14-50578 |
| | 14-50579 |
| Plaintiff - Appellee, | |
| | D.C. Nos. 3:14-cr-01376-LAB; |
| v. | 3:14-cr-07133-LAB |
| SAUL RIVAS-HERNANDEZ, a.k.a. Edgar Diaz, a.k.a. Jose Diaz, a.k.a. Jose Hernandez, a.k.a. Saul Rivas Hernandez, a.k.a. Saul Rivas, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeals from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 20, 2016[**]

Before:      CANBY, TASHIMA, and NGUYEN, Circuit Judges.

In these consolidated appeals, Saul Rivas-Hernandez appeals the 33-month

custodial sentence imposed following his bench-trial conviction for being a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removed alien found in the United States, in violation of 8 U.S.C. § 1326, and the 2-year term of supervised release imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rivas-Hernandez contends that the sentence for his unlawful reentry conviction violates the Sixth Amendment, as the fact of the prior conviction that subjected him to a higher statutory maximum under section 1326(b) was not admitted by him or proven to a jury. Contrary to Rivas-Hernandez's contention, the Supreme Court's holding in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), continues to bind this court. *See Alleyne v. United States*, 133 S. Ct. 2151, 2160, n.1 (2013) (declining to revisit holding in *Almendarez-Torres*).

Rivas-Hernandez also argues that the custodial sentence imposed for his unlawful reentry conviction, and the term of supervised release imposed for his violation of supervised release, are substantively unreasonable in light of his history and circumstances. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Both the custodial sentence and the term of supervised release are substantively reasonable in light of the relevant sentencing factors and the totality of the circumstances. *See id*.; *United States v. Castro-Verdugo*, 750 F.3d 1065, 1072 (9th Cir. 2014).

**AFFIRMED.**