FILED

DEC 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-10041 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00187-APG |
| v. | |
| LOURDES GRACIELA RODRIGUEZ-CASTILLO, a.k.a. Melissa Rodriguez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted December 14, 2016[**]

Before:      WALLACE, LEAVY, and FISHER, Circuit Judges.

Lourdes Graciela Rodriguez-Castillo appeals from the district court's

judgment and challenges the 57-month custodial sentence and 3-year term of

supervised release imposed following her guilty-plea conviction for being a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deported alien found unlawfully in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rodriguez-Castillo contends that the district court procedurally erred by failing to explain why it was imposing a term of supervised release, despite the contrary directive of U.S.S.G. § 5D1.1(c). We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1008 (9th Cir. 2010), and find none. The court sufficiently explained Rodriguez-Castillo's term of supervised release. *See United States v. Castro-Verdugo*, 750 F.3d 1065, 1072 (9th Cir. 2014).

Rodriguez-Castillo also contends that her 57-month custodial sentence and 3-year term of supervised release are substantively unreasonable. The custodial sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Rodriguez-Castillo's criminal and immigration history. *See* U.S.S.G. § 2L1.2 cmt. n.8; *Gall v. United States*, 552 U.S. 38, 51 (2007). Moreover, the district court did not abuse its discretion in imposing the term of supervised release as an added measure of deterrence and protection. *See* U.S.S.G. § 5D1.1 cmt. n.5; *United States v. Valdavinos-Torres*, 704 F.3d 679, 692-93 (9th Cir. 2012).

**AFFIRMED.**

16-10041