NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-30296 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-02090-SMJ-1 |
| v. | |
| RUDY LEE WAHCHUMWAH, | ORDER |
| Defendant-Appellant. | |

Before:  FARRIS, MURPHY,[*] and NGUYEN, Circuit Judges.

The petition for  panel rehearing is granted.   The Memorandum filed on

July 27, 2017 is withdrawn and a revised Memorandum is filed concurrently with

this order.

The panel unanimously agrees that no further petitions for rehearing in this

matter will be entertained.

---

[*]     The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

FILED

**NOT FOR PUBLICATION**

AUG 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30296 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-02090-SMJ-1 |
| v. | MEMORANDUM[*] |
| RUDY LEE WAHCHUMWAH, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington,
Salvador Mendoza, Junior, District Judge, Presiding

Submitted July 14, 2017[**]
Seattle, Washington

Before: FARRIS, MURPHY,[***] and NGUYEN, Circuit Judges.

In 2012, Appellant Rudy Lee Wahchumwah was convicted of failing

to register as a sex offender under the Sex Offender Registration and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. Appl P. 34(a)(2).

[***] The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S. Court of Appeals, Tenth Circuit, sitting by designation.

Notification Act ("SORNA"), 18 U.S.C. § 2250. His sentence included supervised release, one term of which prohibited him from unsupervised contact with children under the age of 18 (the "no-contact condition"). After Wahchumwah's release from incarceration, he violated the no-contact condition and the district court revoked his term of supervised release. The court sentenced him to thirteen months' imprisonment, twenty-three months' supervised release, and reimposed the no-contact condition.

**1.** Wahchumwah challenges the manner in which the no-contact condition was imposed when he was sentenced for the SORNA conviction in 2012, arguing the condition violated his due process rights by infringing on his fundamental right of association with his own children and grandchildren because the sentencing court imposed it without complying with certain procedural protections. This court, however, has held that "[a]n appeal challenging a probation revocation proceeding is not the proper avenue through which to attack the validity of the original sentence." *United States v. Gerace*, 997 F.2d 1293, 1295 (9th Cir. 1993); *see also United States v. Castro-Verdugo*, 750 F.3d 1065, 1068-69 (9th Cir. 2014); *United States v. Simmons*, 812 F.2d 561, 563 (9th Cir. 1987). Wahchumwah's due process claim is really a collateral attack on his 2012

sentence. He must bring that attack in a 28 U.S.C. § 2255 motion. *Castro-Verdugo*, 750 F.3d at 1071 ("Allowing a collateral attack on the underlying sentence of probation in an appeal from a probation revocation proceeding would . . . thwart Congress' [one-year] statute of limitations for correcting a sentence."). Accordingly, we do not reach the merits of his argument.

**2.** Wahchumwah next argues the revocation of his supervised release should be reversed because no rational trier of fact could have found he knowingly violated the no-contact condition. When a defendant makes a sufficiency-of-the-evidence challenge to a supervised release revocation, this court must determine whether "viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." *United States v. Jeremiah*, 493 F.3d 1042, 1045 (9th Cir. 2007) (quotation omitted). Having reviewed the record, we conclude Wahchumwah cannot show the district court erred. The testimony of Wahchumwah's probation officer that Wahchumwah appeared to know the children were in his kitchen and knew why they were there, is sufficient under the applicable standard to prove Wahchumwah knowingly violated the no-contact condition.

**3.** Wahchumwah's challenges to his current sentence are also unavailing. A district court must make special evidentiary findings on the record before imposing a condition of supervised release that restricts a parent's "particularly significant liberty interest" in contact with his own minor children. *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012) (quotation omitted). In his opening brief, Wahchumwah argues the district court procedurally erred by not holding an evidentiary hearing on the issue. In his petition for rehearing, he argues the district court erred by failing to make the required findings.

Wahchumwah does not explain why he was unable to adequately present evidence relevant to his position on the continued necessity of the no-contact condition and he has not identified any contested issues of fact. To the contrary, he admits that he "proffered undisputed evidence" at the revocation hearing and shows he made a legal argument based on that evidence. *See United States v. Sarno*, 73 F.3d 1470, 1502-03 (9th Cir. 1995) ("A district court may permissibly deny a hearing where a defendant is allowed to rebut the recommendations and allegations of the presentence report either orally or through the submission of written affidavits or

briefs."). Accordingly, Wachumwah cannot show that the district court erred by failing to hold an evidentiary hearing.

There was likewise no procedural error committed with respect to the district court's findings. The court reimposed the no-contact condition based on the uncontested fact that Wahchumwah sexually assaulted and impregnated his own daughter. Additionally, Wahchumwah continued to have contact with minor children without the required oversight by an approved chaperone. In an addendum to the judgment, the district court specifically found that (1) Wahchumwah's prior conduct involved the sexual abuse of his minor daughter, (2) that abusive conduct demonstrates a risk to children, particularly children who are family members, and (3) Wahchumwah has repeatedly failed to comply with previously imposed restrictions on his contact with minors. These findings are sufficient to satisfy the *Wolf Child* procedural standard.

**4.** Special conditions of supervised release "are permissible if they are reasonably related to goals of deterrence, protection of the public, or rehabilitation of the offender, taking into account the offender's history and personal characteristics, and involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *United*

*States v. Goddard*, 537 F.3d 1087, 1089 (9th Cir. 2008). As the district court noted, Wahchumwah (1) was convicted of sexually abusing his own child, (2) has repeatedly failed to register as a sex offender and (3) has repeatedly violated the no-contact condition. He asserts, however, that the district court committed plain error by failing to specifically address his request that the court credit him for a twenty-four-month sentence he served for a conviction that was later vacated. *See United States v. Wahchumwah*, 472 F. App'x 623 (9th Cir. 2012) (unpublished disposition). Applying the plain error standard to this question, we discern no error.

Before imposing the term of incarceration, the district court discussed the relevant 18 U.S.C. § 3553(a) factors, including the deterrence factor and Wahchumwah's "history of not following the rules." Because the court's reason for imposing the sentence is clear from the record, a detailed explanation of why it rejected Wahchumwah's over-incarceration argument was not necessary. As the Supreme Court stated in *Rita v. United States*, in conceptually simple cases where the context and the record make the district court's reasoning clear, the law does not require the court to explicitly reject a defendant's argument. 551 U.S. 338, 359 (2007). Thus,

there is no merit to Wahchumwah's assertion the district court committed

plain error when it failed to specifically address his sentencing argument.

**Affirmed.**