NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50095 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02825-LAB |
| v. | |
| ANDRES REYES-QUINTERO, a.k.a. Andres Reyes-Quintana, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Andres Reyes-Quintero appeals from the district court's judgment and

challenges the three-year term of supervised release imposed following his guilty-

plea conviction for being a removed alien found in the United States, in violation

of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Reyes-Quintero contends that the district court procedurally erred by misinterpreting U.S.S.G. § 5D1.1(c), improperly varying under *Kimbrough v. United States*, 552 U.S. 85 (2007), and failing to both calculate the Guidelines range for and explain why it selected a high-end term of supervised release. We review for plain error, *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. The district court properly applied U.S.S.G. § 5D1.1 when it determined, based on Reyes-Quintero's particular circumstances, that a term of supervised release would provide an added measure of deterrence. *See* U.S.S.G. § 5D1.1 cmt. n.5; *United States v. Castro-Verdugo*, 750 F.3d 1065, 1072 (9th Cir. 2014). Thus, we do not reach Reyes-Quintero's arguments that the court improperly relied on *Kimbrough* to reject the Guidelines' instruction regarding the "ordinary" case involving a deportable alien.

Moreover, the record reflects that the district court was aware of the applicable supervised release Guidelines range, which was calculated correctly in the presentence report, and the court's reasons for selecting a high-end term are apparent from the record. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (adequate explanation may be inferred from the record as a whole). Reyes-Quintero has not shown a reasonable probability that he would have received a different sentence had the district court explicitly calculated the Guidelines range or provided a more thorough explanation for the three-year term.

*See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

**AFFIRMED.**