**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4429**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERALD LOUIS WHITLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:07-cr-00142-FL-1)

Submitted:  March 29, 2021                     Decided:  April 2, 2021

Before AGEE and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lynne Louise Reid, L. L. REID LAW, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerald Louis Whitley appeals from the revocation judgment imposed in 2020 after the district court found he violated the terms of supervised release by committing new criminal conduct. Whitley contends that the district court lacked jurisdiction over his case because it improperly imposed a term of supervised release in 2019 when it revoked his supervision but did not impose a term of imprisonment at that hearing. *See* 18 U.S.C. § 3583(g)-(h). We affirm.

"[W]e review the district court's revocation of supervised release for abuse of discretion, evaluating the court's legal conclusions de novo and its factual determinations for clear error." *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020). In effect, Whitley does not challenge any error in the underlying revocation proceeding. Instead, his attack is premised on an alleged error made at the 2019 revocation hearing, and Whitley did not appeal after the 2019 hearing. We have held that "[a] supervised release revocation hearing is not a proper forum for testing the validity of an underlying sentence or conviction." *United States v. Sanchez*, 891 F.3d 535, 538 (4th Cir. 2018). Similarly, we have also held that a defendant may not challenge the special conditions of his original term of supervised release during later revocation proceedings. *United States v. Johnson*, 138 F.3d 115, 117-18 (4th Cir. 1998).

Applying these principles in an analogous situation, the Ninth Circuit rejected a similar challenge in *United States v. Castro-Verdugo*, 750 F.3d 1065 (9th Cir. 2014). There, the district court imposed a sentence of imprisonment and probation, which was erroneous under 18 U.S.C. § 3561(a)(3), but the defendant did not appeal. 750 F.3d at

2

1067. When the probation officer moved to revoke the defendant's probation, the defendant argued that the district court lacked jurisdiction because it could not impose probation as part of the sentence. *Id.* at 1068. The Ninth Circuit disagreed because the district court had jurisdiction to impose a sentence "but exceeded its *statutory authority* under 18 U.S.C. § 3561 by imposing probation along with a custodial sentence," emphasizing that "[a] sentence imposed by a court that lacks jurisdiction and an excessive sentence are two different grounds for post-conviction relief." *Id.* Thus, the Ninth Circuit concluded that because the defendant was serving a term of probation, the district court had jurisdiction to revoke it, and that the attack on the erroneous term of probation amounted to an attack on the original sentencing proceedings, which should have been done in a 28 U.S.C. § 2255 motion. *Id.* at 1069. This is the same situation presented in this case, albeit with an error committed at the 2019 revocation hearing. Whitley was serving the term of supervised release imposed at that hearing and, thus, his argument that that term was imposed in error does not divest the district court of jurisdiction to entertain a motion to revoke said supervision.

Whitley cites to two cases from the Second Circuit, but we find these cases unpersuasive. In *United States v. Thomas*, 135 F.3d 873, 874-76 (2d Cir. 1998), the district court made a number of legal errors that resulted in several orders that it had no legal authority to enter. By contrast, the district court made one error here and, accepting Whitley's argument that the 2019 revocation judgment is a legal nullity, he was still subject to the 5-year term of supervised release that he began serving in 2016. While *United States v. Wirth*, 250 F.3d 165, 167-71 (2d Cir. 2001), is more analogous, the Second Circuit

3

subsequently clarified that "that the validity of an underlying conviction or sentence may not be collaterally attacked in a supervised release revocation proceeding and may be challenged only on direct appeal or through a habeas corpus proceeding," *United States v. Warren*, 335 F.3d 76, 78 (2d Cir. 2003). The Second Circuit's opinion in *Warren* did not cite *Thomas* or *Wirth*, and we cited *Warren* approvingly in *Sanchez*. *See* 891 F.3d at 539-40. Our best reading of *Wirth* is that the Second Circuit considered the various events in that case to be part of one revocation proceeding, whereas here Whitley committed new criminal conduct in 2020, months after the 2019 revocation hearing, and his 2020 violation was unrelated to the modified terms of supervised release imposed in 2019.

Therefore, we affirm the district court's revocation judgment. We deny Whitley's motion to expedite as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*