**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10342 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-50072-DJH-1 |
| v. | |
| ANTHONY E. TAYLOR, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted October 8, 2021[**]
San Francisco, California

Before: HAWKINS and FRIEDLAND, Circuit Judges, and MCSHANE,[***]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

[***] The Honorable Michael J. McShane, United States District Judge for the District of Oregon, sitting by designation.

Anthony Taylor raises two challenges to the sentence administered after the district court revoked his supervised release. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Taylor's first assignment of error is that the district court relied on an incorrect career-offender designation from his original sentencing. But "[a]n appeal challenging a probation revocation proceeding is not the proper avenue through which to attack the validity of the original sentence." *United States v. Castro-Verdugo*, 750 F.3d 1065, 1068–69 (9th Cir. 2014) (quoting *United States v. Gerace*, 997 F.2d 1293, 1295 (9th Cir. 1993)). Because the district court could not reconsider Taylor's career-offender designation at the revocation proceeding, the district court did not err. U.S.S.G. § 7B1.4; *see id.* App. Note 1.

Taylor's second assignment of error is that the district court improperly delegated its judicial authority to a nonjudicial actor when ordering a supervised release condition about mental health treatment. We review for plain error because Taylor failed to object to this condition before the district court. *United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009). The challenged condition states:

> You must participate in a mental health assessment and participate in mental health treatment as determined to be necessary by a medical or mental health professional and follow any treatment direction by the treatment provider.

We have held that if a district court "answer[s] the question of *whether* [a defendant] would undergo treatment," then there is no improper "delegation of

Article III judicial power." *United States v. Stephens*, 424 F.3d 876, 882 (9th Cir. 2005). Here, because the district court determined that Taylor "must participate in a mental health assessment and participate in mental health treatment," the district court did not improperly delegate its judicial authority. *See id.*

**AFFIRMED**.