**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

CARLOS ARMANDO ESTRADA,

*Defendant-Appellant*.

No. 23-50012

D.C. No. 3:20-cr-03113-TWR-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted July 18, 2023
Pasadena, California

Filed August 24, 2023

Before: A. Wallace Tashima and Danielle J. Forrest,
Circuit Judges, and Kathleen Cardone,[*] District Judge.

Opinion by Judge Tashima

---

[*] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel affirmed the district court's judgment on the third revocation of Carlos Armando Estrada's supervised release.

Applying the rationale of *United States v. Castro-Verdugo*, 750 F.3d 1065 (9th Cir. 2014), which involved the same issue in the context of probation revocation, the panel held that because Estrada was serving a term of supervised release when he committed the instant violation, the district court had jurisdiction to revoke his supervised release and impose an additional term of imprisonment, regardless of any error in the sentence imposed on the second revocation.

The panel declined to reach Estrada's argument that the term of supervised release imposed on his second revocation exceeded the statutory maximum. Consistent with *Castro-Verdugo* and earlier precedent, the panel held that an appeal challenging a supervised release revocation is not the proper avenue through which to attack the validity of the underlying sentence.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Todd W. Burns (argued), Burns & Cohan Attorneys at Law, San Diego, California, for Defendant-Appellant.

Amy B. Wang (argued) and Zachary J. Howe, Assistant United States Attorneys; Daniel E. Zipp, Assistant United States Attorney, Appellate Section Chief, Criminal Division; Randy S. Grossman, United States Attorney; United States Attorney's Office, San Diego, California; for Plaintiff-Appellee.

**OPINION**

TASHIMA, Circuit Judge:

Carlos Armando Estrada challenges the district court's judgment on the third revocation of his supervised release. He contends that the district court lacked jurisdiction because, at the time of his third violation, he was serving a term of supervised release that exceeded the applicable statutory maximum.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm. For the reasons set forth below, we conclude that the district court had jurisdiction over the third revocation of Estrada's supervised release. We decline to consider his improper collateral attack on the supervised release term imposed on his prior, second revocation of supervised release.

## BACKGROUND

Estrada was arrested at the United States border in 2020 with fentanyl concealed on his person. He pleaded guilty to one count of importation of fentanyl, in violation of 21 U.S.C. §§ 952, 960. The district court imposed a time-served term of imprisonment and a three-year term of supervised release.

Estrada repeatedly violated the conditions of his supervised release. On the first revocation of his supervised release, the court imposed an eight-month term of imprisonment and three-year supervised release term. On the second revocation of his supervised release, the court imposed a time-served 38-day term of imprisonment and 58 months of supervised release. Estrada did not object to or appeal from this sentence. On the third revocation of his supervised release, the district court imposed ten months of imprisonment without any further term of supervision. Estrada timely appealed.

## STANDARD OF REVIEW

We review de novo the district court's assumption of jurisdiction over revocation proceedings regardless of any failure to object before the district court. *See United States v. Pocklington*, 792 F.3d 1036, 1039 (9th Cir. 2015)*; United States v. Vargas-Amaya*, 389 F.3d 901, 903 (9th Cir. 2004).

## DISCUSSION

Estrada contends that the district court lacked jurisdiction or power to revoke his supervised release and impose an additional ten-month term of imprisonment. Estrada asserts that the court lacked jurisdiction because, at the time of his violation, he was serving an unlawful term of supervised release. Specifically, Estrada contends that the

58-month term of supervised release imposed on the second revocation of his supervised release exceeded the maximum term of supervision authorized under 18 U.S.C. § 3583(b)(1) and *United States v. Knight*, 580 F.3d 933, 940 (9th Cir. 2009).

Relying on *United States v. Castro-Verdugo*, 750 F.3d 1065 (9th Cir. 2014), the government contends that the district court had jurisdiction over the third revocation proceedings and that Estrada is procedurally barred from challenging a prior supervised release sentence on a direct appeal from a subsequent revocation. The government also contends that the supervised release term imposed on Estrada's second revocation was statutorily permissible because 21 U.S.C. § 960(b)(2)(F) trumps the maximum set forth in § 3583(b)(1) and authorizes a lifetime term of supervision.

In *Castro-Verdugo*, the district court imposed a sentence on an illegal reentry conviction that included both probation and a stayed custodial sentence. *Castro-Verdugo*, 750 F.3d at 1067. This exceeded the court's statutory authority under 18 U.S.C. § 3561(a)(3) (stating that a defendant may not be sentenced to probation in conjunction with a term of imprisonment), but the defendant did not move to correct this sentence. *Id.* On appeal from a subsequent probation revocation, the defendant argued that the district court lacked jurisdiction to revoke his probation because he was not serving a valid probation term at the time of his revocation. *Id.* at 1068. Explaining that the "the *only* criteria necessary to create jurisdiction over probation revocation proceedings are: (1) that the defendant still be serving a term of probation and (2) that the defendant violate its conditions," we concluded that the district court had jurisdiction because, regardless of the error in the underlying

sentence, the defendant was serving a term of probation at the time of his violation. *Id.* at 1069. We also reaffirmed our prior precedent holding that a defendant cannot challenge the validity of an underlying sentence in a subsequent probation revocation proceeding. *See id.* ("[A]n underlying sentence may not always be valid, but . . . a court tasked with conducting or reviewing probation revocation proceedings may not investigate the validity of the original sentence."); *see also United States v. Gerace*, 997 F.2d 1293, 1295 (9th Cir. 1993) ("An appeal challenging a probation revocation proceeding is not the proper avenue through which to attack the validity of the original sentence."); *United States v. Simmons*, 812 F.2d 561, 563 (9th Cir. 1987) ("[A]n appeal from a probation revocation is not the proper avenue for a collateral attack on the underlying conviction."). We clarified that this type of collateral attack should be brought in a 28 U.S.C. § 2255 motion, because to hold otherwise "would circumvent the statutorily defined procedure" provided in § 2255. *Castro-Verdugo*, 750 F.3d at 1069–71.

Although *Castro-Verdugo* addresses this issue in the context of probation revocation, rather than supervised release revocation, we agree with the government that the rationale of *Castro-Verdugo* controls the outcome of this appeal. *See United States v. Cate*, 971 F.3d 1054, 1057–58 (9th Cir. 2020) (applying precedent barring a collateral attack on an underlying conviction in probation revocation proceedings to supervised release revocations); *United States v. Gavilanes-Ocaranza*, 772 F.3d 624, 627 (9th Cir. 2014) (explaining that this court treats revocation of parole, probation, or supervised release similarly in a number of circumstances). Any distinction between probation

revocation and supervised release revocation proceedings is immaterial in the context of this case.

Here, Estrada was serving a term of supervised release when he committed the instant violation. This is sufficient to confer jurisdiction on the district court. Thus, regardless of any error in the sentence imposed on his second revocation—an issue we do not decide—the district court had jurisdiction over proceedings on the third revocation of Estrada's supervised release. *See Castro-Verdugo*, 750 F.3d at 1068–69.

As we have indicated, we decline to reach Estrada's argument that the term of supervised release imposed on his previous revocation of supervised release exceeded the statutory maximum. Consistent with *Castro-Verdugo* and our earlier precedent, we hold that an appeal challenging a supervised release revocation is not the "proper avenue" through which to attack the validity of the underlying sentence. *See id.* at 1068–71; *Gerace*, 997 F.2d at 1295; *Simmons*, 812 F.2d at 563.

We are unpersuaded by Estrada's attempts to distinguish his case from this precedent. Estrada contends that *Castro-Verdugo* does not bar this collateral attack for three different reasons. First, Estrada argues that his case will not subvert the one-year limitations period for a § 2255 motion because the instant challenge to the legality of his prior supervised release term occurred within that one-year period. In *Castro-Verdugo*, we explained that "[a]llowing a collateral attack on the underlying sentence of probation in an appeal from a probation revocation proceeding would also thwart Congress' statute of limitations for correcting a sentence" set forth in § 2255(f)(1). *See Castro-Verdugo*, 750 F.3d at 1071. However, we did not rely on the statute of limitations alone;

we also concluded that allowing such a collateral attack would circumvent other statutorily defined procedures in § 2255. *Id.* at 1070–71 ("In short, Congress has told us in § 2255 both *how* and *when* we may entertain a challenge to a sentence that was imposed in excess of statutory authority."). Moreover, nothing in *Castro-Verdugo* suggests that a challenge to an underlying sentence might be permissible on appeal from a subsequent revocation if raised within the one-year statute of limitations in § 2255. *See id.* at 1070 (describing our "*clear rule* that the validity of an underlying sentence of probation *must* be challenged under 28 U.S.C. § 2255" (emphases added)).

Second, Estrada relies on *United States v. Swanson*, 943 F.2d 1070 (9th Cir. 1991), to contend that this court has discretion to consider a claim on direct appeal even if it could be raised in a § 2255 motion. But *Swanson* addresses when an ineffective assistance of counsel claim might be brought on direct appeal rather than in a § 2255 motion and is therefore inapposite. *See Swanson*, 943 F.2d at 1072.

Finally, Estrada contends that *Castro-Verdugo* is limited to circumstances where a defendant seeks to challenge the validity of the sentence on his original conviction and is not applicable where, as in this case, a defendant seeks to challenge a sentence imposed on a later revocation. We do not view our holding in *Castro-Verdugo* so narrowly. Like the defendant in *Castro-Verdugo*, Estrada seeks to collaterally attack the validity of his underlying sentence on direct appeal from a subsequent revocation. Estrada offers no valid reason to treat his case differently because his collateral attack is directed to a prior supervised release term imposed on revocation, rather than the original judgment of conviction.

## CONCLUSION

Because Estrada was serving a term of supervised release at the time of the instant violation, the district court had jurisdiction to revoke Estrada's supervised release for a third time and impose an additional term of imprisonment. We do not reach Estrada's argument that the supervised release term imposed on his second revocation exceeded the district court's statutory authority because he may not collaterally attack his underlying sentence in these proceedings.

**AFFIRMED.**