NOONAN, Circuit Judge:
 

 Suzanne Forbes appeals the sentence imposed following her plea of guilty to violating 18 U.S.C. § 157. Forbes was sentenced to five years of probation with a special condition of six months imprison
 
 *676
 
 ment. Holding that straight prison time and probation are mutually exclusive , by statute, we' vacate the sentence and remand.
 

 FACTS AND PROCEEDINGS
 
 .
 

 Forbes was charged with eight counts of bankruptcy fraud, one count of fraudulent, transfer of property in contemplation of bankruptcy, and one count of false statement in relation to a bankruptcy case in connection with her efforts to delay foreclosure on her home. On March 23, 1998 she entered a plea agreement by which nine of the counts were dismissed and she pleaded guilty to a single count of bankruptcy fraud committed in 1995. The
 
 government
 
 agreed to recommend a sentence of five months in prison and five months in community confinement; the defendant agreed not to seek a sentence of less than ten months in community confinement.
 

 The Presentence Report noted the defendant’s “severe psychological problems”; her residence, since August 1997, in a care home approved for referrals from the Santa Cruz County Mental Health Department; letters from two employees of a county agency noting “a remarkable transformation in the defendant’s life” since 1996; and the evaluation of a treating psychiatrist that Forbes was “successfully involved in treatment.” The probation officer recommended “continued community supervision, uninterrupted by a term of imprisonment.”
 

 The district court imposed restitution of $5,000 and probation of five years, adding under the heading “Special Conditions Of Supervision” that Forbes should remain for six months in the custody, of the Bureau of Prisons. The court recommended the prison facility at Dublin, California as one having facilities for appropriate medical and psychological treatment.
 

 Forbes appeals.
 

 ANALYSIS
 

 18 U.S.C. § 3561 is headed “Sentence of probation” and provides for such a sentence “unless .... the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense.”
 
 Id.
 
 at. (a)(3). The statute precludes the imposition of both probation and straight imprisonment. Forbes’s objection to the sentence was unclear, but the error is plain and meets the criteria of
 
 United States v. Olano,
 
 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).
 

 The government points to 18 U.S.C. § 3563(b), which does permit as a condition of probation a sentence to, the custody of the Bureau of Prisons “during nights, weekends, or other intervals of time, totaling no more than the lesser of one year or the term' of imprisonment authorized for the offense....” No doubt Forbes could have been imprisoned nights or weekends but a straight sentence of six months is not the intermittent incarceration that this statute permits.
 

 At resentencing the court will have the opportunity to reassess the psychological condition and progress of the defendant.
 

 The sentence is VACATED; the case is REMANDED.