# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellant,*

v.

AUGUSTINE GARCIA MURILLO,
*Defendant-Appellee.*

No. 07-50462

D.C. No.
CR-07-00897-R

ORDER

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted November 18, 2008*
Pasadena, California

Filed December 1, 2008

Before: Pamela Ann Rymer and Milan D. Smith, Jr.,
Circuit Judges, and Edward R. Korman,** District Judge.

---

## COUNSEL

Thomas C. O'Brian, United States Attorney, and Christine C.
Ewell, Anne M. Voights, Assistant United States Attorney,
Los Angeles, California, for the plaintiff-appellant.

Sean K. Kennedy, Federal Public Defender, and Richard D.

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Edward R. Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

15847

Goldman, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellee.

<hr>

**ORDER**

The United States appeals the sentence imposed following Augustine Garcia Murillo's guilty plea to being an illegal alien found in the United States following deportation in violation of 8 U.S.C. § 1326. The district court imposed a suspended sentence and then placed the defendant on probation for five years with a condition that he spend twelve months in custody during the probationary period. We reverse the district court and vacate the sentence.

Under our current sentencing scheme, district courts do not have the power to suspend the imposition of a sentence. U.S. SENTENCING GUIDELINES MANUAL, Ch. 7, Part A, § 2(a) (2007). *See also United States v. Mueller*, 463 F.3d 887, 889 (9th Cir. 2006). Further, a district court may not impose a constant period of imprisonment as a condition of probation. *United States v. Forbes*, 172 F.3d 675, 676 (9th Cir. 1999). Under the circumstances, we reverse the district court, vacate the sentence, *see id.,* and direct that on remand the case be reassigned to a different district judge for resentencing. *See Rhoades v. Avon Prods, Inc.*, 504 F.3d 1151, 1165-66 (9th Cir. 2007).

**REVERSED; SENTENCE VACATED; AND REMANDED FOR RESENTENCING BY A DIFFERENT DISTRICT JUDGE.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson Reuters/West.