UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50002 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00751-R-1 Central District of California, Los Angeles |
| v. | |
| DANIEL WILLIAM, | |
| Defendant - Appellant. | ORDER |

Before: WARDLAW and BERZON, Circuit Judges, and WHYTE, Senior District Judge.[*]

The memorandum disposition filed on April 13, 2012 is withdrawn. An memorandum disposition is filed concurrently with this order.

With the memorandum disposition, all judges have voted to deny the petition for panel rehearing. The petition for rehearing is DENIED.

No further petitions for panel rehearing or rehearing en banc shall be entertained.

[*]    The Honorable Ronald M. Whyte, Senior District Judge for the U.S. District Court for Northern California, sitting by designation.

FILED

**NOT FOR PUBLICATION**

OCT 17 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50002 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00751-R-1 |
| v. | |
| DANIEL WILLIAM, | AMENDED MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted March 9, 2012
Pasadena, California

Before: WARDLAW and BERZON, Circuit Judges, and WHYTE, Senior District
Judge.[**]

Daniel William appeals his conviction after a jury trial for mail theft and

possession of stolen mail under 18 U.S.C. § 1708, for which he was sentenced to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Ronald M. Whyte, Senior District Judge for the U.S.
District Court for Northern California, sitting by designation.

five years of probation and three months of imprisonment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

**1.** The district court improperly instructed the jury in a manner that permitted the inference that an element of the crime, which the government was required to prove beyond a reasonable doubt, had been fulfilled. "When, as here, a defendant objects to an instruction at trial, we review the district court's formulation of the instructions for an abuse of discretion." *United States v. Warren*, 25 F.3d 890, 898 (9th Cir. 1994).

The jury was instructed that to establish mail theft under 18 U.S.C. § 1708, the government was required to prove beyond a reasonable doubt that it was William's intent to "deprive the owner temporarily or permanently of [the letter's] use and benefit." The district court's instruction that the jury may infer that William "stole" the letter if it was "properly addressed and recently mailed," "never received by the addressee," and "found in [his] possession," could have been understood by the jury as relieving the government of its burden to prove that William intended to deprive the recipients, temporarily or permanently of the letter. Yet, although William "possessed" the letters, they could not have been received by the addressees—regardless of whether William had stolen them—as they had been placed in the mailbox so recently that delivery could not have

2

occurred if Williams had not taken the mail from the mailbox. William's testimony was that he intended to return the letters to the postal box for delivery. Thus, by permitting the jury to rely on the fact of possession while disregarding the timing of the possession, the instruction could have been understood as relieving the government of its burden to prove intent. "[W]here intent is a necessary element of the crime, it is error for the court to instruct the jury that it may, but is not required to, infer the requisite intent from an isolated fact. There can be no presumption as to intention which would permit the jury to make an assumption which all the evidence considered together does not logically establish." *United States v. Rubio–Villareal,* 967 F.2d 294, 298-99 (9th Cir.1992) (en banc) (quoting *Baker v. United States*, 310 F.2d 924, 930-31 (9th Cir.1962), cert. denied, 372 U.S. 954 (1963)).

The government maintains that the presumption that the defendant "stole" the mail goes only to the identity of the person who took the mail and not to the intent to deprive. But in common parlance (and in the dictionary, in which a "thief" is "one who steals," 17 Oxford English Dictionary 934 (2d ed. 1989)), "stole" connotes more than just taking something (as confirmed by the statutory language, which is "steals, takes, or abstracts"). Moreover, William admitted that he had taken the mail, so the jury would have thought there was no point

3

instructing it regarding a presumption on that question. As a result, the jury most likely understood the presumption as going both to the taking and the state of mind that accompanied the taking.[1]

"A jury instruction need not be unconstitutional for us to find it defective." *Warren*, 25 F.3d at 898 (citations omitted). The jury instruction at issue in this appeal was "misleading," "inadequately guided the jury's deliberation," and "improperly intruded on the fact finding process." *Id.* Because the jury instruction undermined the basis for William's defense, we find that there was a reasonable probability that it affected the verdict. *Rubio-Villareal*, 967 F.2d at 296 n.3. We thus reverse William's conviction.

**2.** Because we reverse William's conviction, we need not address his sentence. Nevertheless, we note that the district court's sentence, which required a term of both imprisonment and probation for the same offense, is prohibited under 18 U.S.C. § 3561. *See United States v. Forbes*, 172 F.3d 675, 676 (9th Cir. 1999).

**3.** William requests that we reassign this case to a different district judge, and the government does not object. We have the "supervisory power under 28

---

[1] The government also submits that there is no mens rea requirement in the statute, but recognizes that it has waived this argument by requesting the model instruction. We therefore do not address this question. Nor, for the same reason, do we address the government's argument that under the statute, "taking" is sufficient, and "stealing" need not be proven.

U.S.C. § 2106 to reassign [a] case to a different district court judge on remand." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 372 (9th Cir. 2005). We choose to exercise that power here and order that the case be assigned to a different district court judge.

**4.** Because we reverse the district court on the jury instruction issue, we do not reach William's claim that he was deprived of a fair trial by the district court's erroneous grant of the government's challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986).

**REVERSED and REMANDED.**