NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 07 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50511 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03483-LAB-1 |
| v. | |
| RAMON ANDRADE-CASTILLO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 7, 2015[**]

Before: REINHARDT, WARDLAW, and CALLAHAN, Circuit Judges.

We previously remanded Ramon Andrade-Castillo's (Andrade) appeal of the sentence imposed on his 2013 illegal reentry conviction because the record was ambiguous as to whether the district court impermissibly relied on prosecutorial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

costs as a sentencing factor. *See United States v. Tapia-Romero*, 523 F.3d 1125, 1127 (9th Cir. 2008). We instructed the district court to clarify the basis for its sentence and determine in the first instance whether resentencing was required. The district court did not do so, but instead imposed a sentence of time served plus a five-year term of probation. Andrade failed to object, but now argues that the district court plainly erred in imposing this more severe sentence.

The record reveals a certain amount of confusion at the resentencing hearing which resulted in what can only be described as plain error.[1]

1. The district court complied with the "express instructions," but not "the spirit . . . of our mandate," *United States v. Paul*, 561 F.3d 970, 973-75 (9th Cir. 2009) (per curiam), when it acknowledged that it did consider cost in imposing the original sentence and stated "I won't consider that this time," but failed to explain the reasons for the sentence it imposed. *See United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009).

---

[1] Our prior memorandum disposition involved consolidated appeals of two sentences, one which we found defective for imposing both probation and a term of incarceration, but which was not correctable upon direct appeal of the probation revocation proceeding, and the second sentence, which was the subject of the prior remand and this current appeal. The record of the resentencing hearing is in some instances unclear as to which sentence the district court is addressing.

It also appears from the record, which again is somewhat ambiguous, that the district court may have intended to impose a five-year period of supervised release, not a new probationary sentence.

2. Andrade is correct that the presumption of vindictive sentencing arose, and there is no objective evidence in the record justifying an increased sentence that could rebut that presumption. *United States v. Rapal*, 146 F.3d 661, 663 (9th Cir. 1998). The district court imposed a probationary term of *five* years, rather than the *three* years of supervised release it had initially imposed—a more severe sentence. The imposition of this new and more severe sentence was plain error. Our holding that the presumption of vindictive sentencing arose would be the same had the district court imposed a term of probation or supervisory release greater than three years. The presumption of vindictiveness arises from any sentence the "practical effect" of which is more severe than the original sentence—an inquiry that necessarily requires consideration of time that the defendant has already spent in custody. *Id.*

3. The district court further erred in resentencing Andrade to a sentence of probation, after Andrade had already served all but 18 days of his prior sentence. The district court originally sentenced Andrade to a term of incarceration of 14 months, followed by a three-year period of supervised release. In the Amended Judgment in a Criminal Case, the district court resentenced Andrade to probation. It is irrelevant that the district court asserted that the sentence was "not time served . . . [i]t's five years' probation," as Andrade's effective sentence was indeed a sentence of both imprisonment—the nearly 14 months he had already served—as

3

well as probation for the same offense. It is abundantly clear that 18 U.S.C. § 3561 prohibits the imposition of both probation and a term of imprisonment for the same offense. *United States v. Forbes*, 172 F.3d 675, 676 (9th Cir. 1999).

Andrade had substantially served his original sentence at the time of the resentencing at which the presumption of vindictiveness arose and was not rebutted.[2] Yet, the district court treated the time Andrade had already served as if it did not exist and imposed an illegal sentence of both incarceration and probation. Accordingly, the unlawful probation portion of Andrade's sentence must be stricken. We therefore reverse and remand so that the district court may consider whether to impose a term of supervised release, given that Andrade has served his term of incarceration and that the district court illegally sentenced him to probation, and we vacate Andrade's sentence of five years' probation.

**REVERSED, AMENDED JUDGMENT, VACATED, and REMANDED.**

---

[2] The district court committed a third error by failing to explain the basis for the new sentence. *Hammons*, 558 F.3d at 1103-06.



_**USA v Ramon Andrade-Castillio 14-50511**_

Callahan, Circuit Judge, dissenting:

I respectfully dissent.

1.     I would hold that a presumption of vindictiveness did not arise in this case because it is not clear that the original aggregate sentence of 18 months and three years' supervised release is less harsh than the new sentence of five years' probation, even considering that Andrade-Castillo served all but 18 days of his original sentence.  Andrade-Castillo was released from prison early, and now he does not have a prison sentence on his record for the convictions at issue in this appeal, which could reduce future sentences if he were to re-offend.  Thus, Andrade-Castillo's new sentence is better in some regards and worse in other regards.  Moreover, Andrade-Castillo did not object to this new sentence.  Indeed, at resentencing, everyone seemed in agreement that this was a better sentence than his original sentence.  Accordingly, there is not a reasonable likelihood that the new sentence has been imposed for a vindictive purpose.  _See United States v. Garcia-Guizar_, 234 F.3d 483, 489 (9th Cir. 2000).  There is also no evidence of actual vindictiveness, and Andrade-Castillo does not appear to claim otherwise.

2.     Moreover, I would not find that the district court failed to adequately explain its sentence, given the record as a whole, although this is a close question.  The district court's explanation at resentencing was minimal, but it emphasized the

need for deterrence at the original sentencing, given Andrade-Castillo's recidivism, and then it reiterated twice at resentencing that it did not want Andrade-Castillo to illegally re-enter the country again. Thus, the district court indicated that a five-year sentence of probation was sufficient but not greater than necessary for deterrence. A more detailed explanation would have been helpful but was not required under the circumstances.

3. The panel majority opines that the district court "may have intended to impose a five-year period of supervised release, not a new probationary sentence." It also implies that Andrade-Castillo must be given credit for the time served on his original sentence, even though no sentence of imprisonment was imposed on remand. Based on these unsupported assertions, the majority holds that the district court "imposed an illegal sentence of both incarceration and probation." While it is clear that a district court may not impose a sentence of probation and a term of imprisonment for the same offense, *United States v. Forbes*, 172 F.3d 675, 676 (9th Cir. 199), that is not what happened here. The district court made it quite clear at resentencing that it was not imposing a sentence of time served and supervised release, but rather a term of probation without any sentence for time served. It was not error to do so, notwithstanding Andrade-Castillo's original sentence which was vacated on appeal.

I would affirm Andrade-Castillo's sentence.