CALLAHAN, Circuit Judge,
dissenting:
I respectfully dissent.
1. I would hold that a presumption of vindictiveness did not arise in this case because it is not clear that the original aggregate sentence of 18 months and three years’ supervised release is less harsh than the new sentence of five years’ probation, *882 even considering that Andrade-Castillo served all but 18 days of his original sentence. Andrade-Castillo was released from prison early, and now he does not have a prison sentence on his record for the convictions at issue in this appeal, which could reduce future sentences if he were to re-offend. Thus, Andrade-Castil-lo’s new sentence is better in some- regards and worse in other regards. Moreover, Andrade-Castillo did not object to this new sentence. Indeed, at resentencing, everyone seemed in agreement that this was a better sentence than his original sentence. Accordingly, there is not a reasonable likelihood that the new sentence has been imposed for a vindictive purpose. See United States v. Garcia-Guizar, 234 F.3d 483, 489 (9th Cir.2000). There is also no evidence of actual vindictiveness, and Andrade-Castillo does not appear to claim otherwise.
2. Moreover, I would not find that the district court-failed to adequately explain its sentence, given the record as a whole, although this is a close question. The district court’s explanation at resentencing was minimal, but it emphasized the need for deterrence at the original sentencing, given Andrade-Castillo’s recidivism, and then it reiterated twice at resentencing that it did not want Andrade-Castillo to illegally re-enter the country again. Thus, the district court indicated that a five-year sentence of probation was sufficient but not greater than necessary for deterrence. A more detailed explanation would have been helpful but was not required under the circumstances.
3. The panel majority opines that the district court “may have intended to impose a five-year period of supervised release, not a new probationary sentence.” It also implies that Andrade-Castillo must be given credit for the time served on his original sentence, even though no sentence of imprisonment was imposed on remand. Based on these unsupported assertions, the majority holds that the district court “imposed an illegal sentence of both incarceration and probation.” While it is clear that a district court may not impose a sentence of probation and a term of imprisonment for the same offense, United States v. Forbes, 172 F.3d 675, 676 (9th Cir.1999), that is not what happened here. The district court made it quite clear at resentencing that it was not imposing a sentence of time served and supervised release, but rather a term of probation without any sentence for time served. It was not error to do so, notwithstanding Andrade-Castillo’s original sentence which was vacated on appeal.
I would affirm Andrade-Castillo’s sentence.