NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 03 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50218 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-01056-R-1 |
| v. | |
| MARCUS ANDREWS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 7, 2016
Pasadena, California

Before: REINHARDT, TASHIMA, and PAEZ, Circuit Judges.

Defendant Marcus Andrews appeals his conviction of five counts of mail

fraud in violation of 18 U.S.C. § 1341. Andrews contends that the district court

erred by denying his application for funds under the Criminal Justice Act ("CJA"),

18 U.S.C. § 3006A(e), to pay for trial preparation and testimony by an expert

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

witness, psychologist Dr. Vianne Castellano. Andrews also claims that, because of his alleged inability to procure Dr. Castellano's testimony, he was deprived of his constitutional rights to effective assistance of counsel and to present a complete defense. Finally, Andrews claims that the district court erred in sentencing him to imprisonment as a condition of probation. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We affirm the conviction below, but vacate the sentence and remand for re-sentencing.

1. Under the CJA, a person who is financially unable to obtain expert services "necessary for adequate representation" may request funding for such services in an ex parte application. 18 U.S.C. § 3006A(e)(1). In order to obtain such funds, a defendant must (1) establish his financial inability to pay for the expert's services, (2) show by clear and convincing evidence that a "reasonably competent counsel would have required the assistance of the requested expert for a paying client," and (3) show by clear and convincing evidence that he was "prejudiced by the lack of expert assistance." *United States v. Reed*, 575 F.3d 900, 918 (9th Cir. 2009) (internal quotation marks omitted); *see also United States v. Rodriguez-Lara*, 421 F.3d 932, 940 (9th Cir. 2005).

Here, Andrews failed to meet the first requirement of § 3006(A)(e)(1), as he did not demonstrate the requisite financial need for CJA funding. At the time of his

2

request for CJA funds, Andrews was represented by retained, private counsel. Although Andrews claimed that he had "exhausted all of his funds" to retain such counsel, he failed to submit a financial affidavit or any other proof of indigent status. We therefore conclude that Andrews did not meet his burden of proof in showing a financial need for CJA funds, *United States v. Ellsworth*, 547 F.2d 1096, 1098 (9th Cir. 1976), and that it was not an abuse of discretion for the district court to deny his motion to provide funds for the retention of an expert witness.

Moreover, in light of the overwhelming evidence of his intent to defraud, Andrews is unable to demonstrate prejudice due to the denial of CJA funds. *See United States v. Labansat*, 94 F.3d 527, 530 (9th Cir. 1996) (holding that the defendant could not demonstrate that he was prejudiced by the district court's denial of his motion to appoint an expert witness when there was "overwhelming evidence of [the defendant's] guilt"). Substantial evidence before the district court demonstrated that Andrews knew that he did not have authorization to use the American Express account in question, and that he was not under any delusion to the contrary. Furthermore, Andrews' own statements to other experts, to the Secret Service, and to the United States Probation Office explicitly contradicted Dr. Castellano's findings. We therefore conclude that Andrews is not able to show by clear and convincing evidence that he was prejudiced by the district court's denial

of his motion for funding under § 3006(A)(e)(1). *See United States v. Rodriguez-Lara*, 421 F.3d at 946-47 (stating that a "wealth of evidence against the defendant" may "demonstrate[] that the denial of expert assistance did not prejudice him"). Because Andrews has shown neither financial need nor prejudice, we hold that the district court did not abuse its discretion in denying Andrews' motion for CJA funds. Additionally, we conclude that because Andrews was not prejudiced by his alleged inability to present Dr. Castellano's testimony, he was not deprived of his right to effective assistance of counsel,[1] *see Strickland v. Washington*, 466 U.S. 668, 687 (1984), or of his right to present a complete defense, *see United States v. Pineda-Doval*, 614 F.3d 1019, 1036 (9th Cir. 2010).

2. Although we affirm Andrews' conviction, we vacate his sentence and remand to the district court for re-sentencing. We review the district court's authority to impose a condition of probation de novo. *See United States v. Bainbridge*, 746 F.3d 943, 946 (9th Cir. 2014). As we have clearly held, and as the government concedes, the probation statute "precludes the imposition of both probation and straight imprisonment." *United States v. Forbes*, 172 F.3d 675, 676 (9th Cir. 1999) (citing 18 U.S.C. § 3561). Thus, the district judge erred when he

---

[1] We, of course, do not opine on any possible claim of ineffective assistance of counsel based on any other ground.

sentenced Andrews to five years' probation and ordered that, as a condition of probation, Andrews would be imprisoned for a period of six months. We therefore remand so that the district court may impose a lawful sentence.

Conviction AFFIRMED, and sentence VACATED.