NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30189 |
| Plaintiff–Appellee, | D.C. No. 1:15-CR-00407-MC-1 |
| v. | |
| KENNETH W. MEDENBACH, | MEMORANDUM* |
| Defendant–Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted on June 8, 2018**
Portland, Oregon

Before: GRABER and M. SMITH, Circuit Judges, and KORMAN,*** District Judge.

Kenneth Medenbach was convicted of unlawful camping and occupancy

arising out of his continued efforts to reclaim federal lands by "adverse possession"

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

on behalf of the people of Oregon. In August 2016, he was sentenced to five years of probation, and the district judge imposed both standard and special conditions, including a custodial sentence of six months. But the judge made a finding of time served, because Medenbach had been in custody after his arrest—during pre-trial release—for once again illegally camping on federal land. The judge also ordered $2,506.45 in restitution for costs associated with removing Medenbach's illegal cabin. Medenbach did not object. He now appeals, challenging the six-month custodial term, the restitution order, and the jurisdiction of the federal courts.

When a defendant does not object in the district court, we review the imposition of probation conditions for plain error. *United States v. Forbes*, 172 F.3d 675, 676 (9th Cir. 1999). We review *de novo* the legal issues of whether the court had authority to order restitution, *United States v. Lazarenko*, 624 F.3d 1247, 1249 (9th Cir. 2010), and whether, as Medenbach argues, we lack the authority to preside over the case at all, *see United States v. Kuchinski*, 469 F.3d 853, 857 (9th Cir. 2006).

1. District courts have "broad discretion" to fashion probation conditions. *United States v. Terrigno*, 838 F.2d 371, 374 (9th Cir. 1988). However, 18 U.S.C. § 3561(a)(3) prohibits a term of probation when "the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense." It is therefore plain error for a judgment to impose, as a condition of probation, a continuously served custodial sentence. *Forbes*, 172 F.3d at 676.

2

But that's not really what happened here. The judge limited the custodial sentence to time served. Medenbach has therefore failed to bear his burden of proving how this affected his "substantial rights" when it resulted in no prison time. *United States v. Jimenez*, 258 F.3d 1120, 1126 (9th Cir. 2001). Thus the district court did not plainly err.

2. A district court has statutory authority to impose restitution as a condition of probation. 18 U.S.C. § 3563(b)(2). Medenbach implies that restitution was imposed for "costs relating to the investigation and prosecution" of his offenses, but the record demonstrates that restitution was properly imposed "for the cabin removal and cleanup costs" associated with Medenbach's occupation of federal land. Medenbach also asks us, without much reasoning, to overrule our decision in *United States v. Miguel*, 49 F.3d 505, 512 (9th Cir. 1995), in which we held that 18 U.S.C. § 3663 provides statutory authority to impose restitution, as an additional penalty, in misdemeanor cases. We do not have the authority to do so, because we may only "overrule prior circuit authority without taking the case en banc when an 'intervening Supreme Court decision undermines an existing precedent of the Ninth Circuit, and both cases are closely on point.'" *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc) (quoting *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1123 (9th Cir. 2002)).

3. We have already rejected Medenbach's challenges to the exercise of federal

jurisdiction. *United States v. Medenbach*, 116 F.3d 487 (Table) (9th Cir. 1997). He is therefore precluded from raising them again here. *See B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1298 (2015).

**AFFIRMED.**