**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**August 20, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

AARON RICHARD EUBANKS,

    Defendant - Appellant.

No. 24-7005
(D.C. No. 6:21-CR-00222-CBG-1)
(E.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

Aaron Richard Eubanks appeals his conviction for aggravated sexual abuse. He challenges the district court's ruling rejecting his objection to a jury instruction about the propriety of attorneys interviewing witnesses prior to trial. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

## I.    BACKGROUND

Following a four-day trial, a jury convicted Mr. Eubanks of five counts of Aggravated Sexual Abuse in Indian Country, in violation of 18 U.S.C. §§ 2241(c), 2246(2), 1151, and 1153. Mr. Eubanks was found to have sexually abused his biological twin daughters on several occasions.

Prior to closing arguments, the Government proposed the inclusion of a jury instruction explaining that "[i]t is proper for an attorney to interview any witness in preparation for trial" (the "attorney-interview jury instruction"). ROA Vol. I at 40. Defense counsel objected to the inclusion of this instruction, asserting that because most trial witnesses were Government witnesses, this instruction would "put the [c]ourt's thumb on the scale in favor of the United States." ROA Vol. III at 7. The Government responded that it proposed this instruction because defense cross-examination of the victims suggested that the victims had been coached. The Government explained, "in order to rebut th[is] suggestion, it would be helpful for each side to have the court instruct the jury that meeting with witnesses is not necessarily improper." *Id.* at 8. Defense counsel conceded, "it is a true statement that every lawyer has a right to meet with witnesses," but then asserted the claim of witness coaching was part of his defense, implying that this instruction would defeat this argument. *Id.* at 10.

The court acknowledged Mr. Eubanks's "right to make [the] argument[] that there has been some suggestion to [the victims] that affected what they have to say and, therefore, affected their testimony." *Id.* But the court then stated that the

2

proposed instruction appeared to be a "fairly innocuous [instruction] just saying that it is proper for an attorney to interview any witness in preparation for trial." *Id.* Defense counsel responded that he agreed with this statement, but he was concerned the instruction could nonetheless unfairly "telegraph to the jury" that the Government had properly interviewed witnesses. *Id.* at 11. The court asked the Government to explain again why it believed the instruction was necessary, and the Government responded that the purpose of the instruction was to clarify that counsel may interview witnesses. The Government noted, however, that Mr. Eubanks could still argue that the Government coached its witnesses irrespective of the inclusion of this instruction.

The court allowed the attorney-interview jury instruction and overruled the objection, explaining:

> I think this instruction, in and of itself, is a simple and correct statement of something that is true, that it is proper for an attorney to interview a witness in preparation for trial. And it does not foreclose the defendant from arguing that there was some suggestion that occurred, directly or indirectly, that affected the witness's testimony along the way, and that that would be improper, of course.

ROA Vol. III at 12.

Mr. Eubanks appeals the district court's decision to overrule his objection to the attorney-interview jury instruction.

## II.    DISCUSSION

Mr. Eubanks contends the district court abused its discretion in overruling his objection to the Government's attorney-interview jury instruction, arguing the

3

instruction undermined his impeachment of the victims based on the claim they were coached, denied him his sole defense that the abuse never happened, and misled the jury on how to use the impeachment evidence. We conclude the district court did not abuse its discretion in overruling his objection.

"This court reviews the jury instructions de novo in the context of the entire trial to determine if they accurately state the governing law and provide the jury with an accurate understanding of the relevant legal standards and factual issues in the case." *United States v. Jean-Pierre*, 1 F.4th 836, 846 (10th Cir. 2021) (internal quotation marks and alterations omitted). "In doing so, we consider whether the district court abused its discretion in shaping or phrasing . . . a particular jury instruction and deciding to give or refuse a particular instruction." *United States v. Christy*, 916 F.3d 814, 854 (10th Cir. 2019) (quotation marks omitted). "An abuse of discretion occurs when a judicial determination is arbitrary, capricious[,] or whimsical." *United States v. Shumway*, 112 F.3d 1413, 1419 (10th Cir. 1997) (quotation marks omitted). "We will not overturn a discretionary judgment by the trial court where it falls within the bounds of permissible choice in the circumstances." *Id.* (internal quotation marks omitted). "[A] trial judge is given substantial latitude and discretion in tailoring and formulating the instructions so long as they are correct statements of law and fairly and adequately cover the issues presented." *United States v. Wood*, 207 F.3d 1222, 1235 (10th Cir. 2000) (quotation mark omitted). "As a general rule, instructions on how to assess evidence are particularly matters of trial-court discretion, because they are directed to guiding the jurors' common sense

in the context of the case rather than informing them of the governing law." *United States v. John*, 849 F.3d 912, 918 (10th Cir. 2017).

We affirmed the denial of a similar objection to a nearly identical jury instruction in *United States v. John*, 849 F.3d at 919–20. There, the defendant-appellant claimed the district court abused its discretion by overruling an objection to the following jury instruction: "[a]n attorney has the right to interview a witness for the purpose of learning what testimony the witness will give. The fact that a witness has talked to an attorney does not reflect adversely on the truth of such testimony." *Id.* at 919. We explained that this jury instruction presented an accurate statement of law and educated jurors on a point that may have been otherwise unfamiliar. *Id.* at 920. We also noted that, contrary to the defendant's argument, this jury instruction did not imply that "nothing improper could possibly occur in such discussions." *Id.*

Additionally, we explained in *John* that the challenged instruction "[did] not prevent defense counsel from making a commonsense suggestion that the witness was influenced by inappropriate coaching." *Id.* And here, like in *John*, Mr. Eubanks conceded that he could and did argue that the victims were coached both in cross-examination and closing statements. *See id.*

Although the challenged attorney-interview jury instruction here and the jury instruction in *John* are not identical, the differences weigh in favor of affirming the district court's ruling. The instruction in *John* included a second sentence that spoke directly to the truthfulness of a previously interviewed witness's testimony: "The fact that a witness has talked to an attorney does not reflect adversely on the truth of such

testimony." *Id.* at 919. Here, the instruction was more limited, stating only that, "[i]t is proper for an attorney to interview any witness in preparation for trial." ROA Vol. I at 40. Where this court has previously held that the district court did not abuse its discretion in approving a more robust instruction in *John,* we easily conclude the district court here did not abuse its discretion in overruling Mr. Eubanks's objection. The challenged attorney-interview jury instruction did not misstate the law, did not misrepresent the factual issues in the case, educated jurors on a point that may have been otherwise unfamiliar, and did not prevent the defense from suggesting the Government coached the witnesses during the interviews. Accordingly, the district court's approval of the jury instruction fell within the bounds of permissible choice. *See John*, 849 F.3d at 920; *Jean-Pierre*, 1 F.4th at 846; *Shumway*, 112 F.3d at 1419.

Notwithstanding our decision in *John,* Mr. Eubanks points us to a District of New Mexico ruling in which the district court sustained a defense objection to the following proposed jury instruction: "[a]n attorney has the right to interview a witness for the purpose of learning what testimony the witness will give. The fact that the witness has talked to an attorney does not reflect adversely on the truth of such testimony." *United States v. Harry*, No. CR 10-1915 JB, 2014 WL 6065677, at *21 (D.N.M. Oct. 14, 2014). We are unpersuaded by *Harry* for two reasons. First, the District of New Mexico issued *Harry* more than two years before this court approved the same jury instruction in *John*. And unlike *Harry, John* is controlling precedent on this court. Second, the issue in *Harry* is not the same as the issue presented here. A district court has wide discretion in approving or rejecting jury

6

instructions. *Wood*, 207 F.3d at 1235. Thus, while the district court in *John* did not abuse its discretion in approving such an instruction, there is nothing in *John* that suggests such an instruction must be given in every case. It is thus possible that the district courts in *Harry* and in *John* both acted properly within their broad discretion. The district court here also acted properly within its broad discretion in permitting the attorney-interview jury instruction.

Mr. Eubanks also cites an unpublished Ninth Circuit decision, *United States v. William*, 491 F. App'x 821 (9th Cir. 2012), claiming that it shows how a jury instruction that undermines the basis for a defense is misleading and harms the validity of the underlying verdict. But in *William*, the court reversed and remanded a conviction based on an erroneous jury instruction which the court held could be understood by the jury "as relieving the government of its burden to prove intent" in a trial for mail theft and possession of stolen mail.[1] *Id.* at 822. Here, even Mr. Eubanks concedes the jury instruction is an accurate statement of the law.

Having considered "the context of the entire trial," we conclude the challenged jury instruction "accurately state[d] the governing law and provide[d] the jury with an accurate understanding of the relevant legal standards and factual issues in the case." *Jean-Pierre*, 1 F.4th at 846 (quotation marks omitted). The district court did

---

[1] The challenged instruction directed that the jury may infer that the defendant stole a letter "if it was 'properly addressed and recently mailed,' 'never received by the addressee,' and 'found in [his] possession.'" *United States v. William*, 491 F. App'x 821, 822 (9th Cir. 2012) (alteration in original).

not abuse its discretion in overruling Mr. Eubanks's objection to this proposed instruction.

### III.    CONCLUSION

We AFFIRM Mr. Eubanks's conviction.

Entered for the Court


Carolyn B. McHugh
Circuit Judge