Filed 4/21/26  P. v. Spellman CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TIMOTHY EDWARD SPELLMAN,<br><br>Defendant and Appellant. | F088968<br><br>(Super. Ct. No. BF119528A)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  David R. Zulfa, Judge.

James Bisnow, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Christopher J. Rench and Jessica A. Eros, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Detjen, Acting P. J., Peña, J. and Harrell, J.

Defendant Timothy Edward Spellman was resentenced pursuant to Penal Code section 1172.75[1] on November 6, 2024.  On appeal, he argues that the trial court abused its discretion by declining to dismiss his prior "strike" convictions within the meaning of the "Three Strikes" law pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.  We affirm.

## FACTUAL AND PROCEDURAL HISTORY

Defendant's criminal sentence stems from a series of robberies he committed on May 15, 27, and 28, and June 12, 2007.  Following the final robbery on June 12, 2007, defendant fled the scene in a vehicle and was pursued by responding officers from the Bakersfield Police Department.  Defendant crashed the vehicle he was driving into a car driven by a woman who was transporting eight minor children.  As the woman exited her vehicle, defendant entered the driver's side door and struggled with the woman.  Defendant abandoned his effort to enter the vehicle.  When responding officers appeared on the scene, defendant pointed a firearm at the officers and then fled on foot.  While pursuing defendant, officers observed that he had a semiautomatic handgun in his left hand.  Officers later apprehended defendant in the backyard of a nearby residence.  Officers seized cash found underneath defendant and found a loaded .22-caliber semiautomatic pistol in the yard near where he was apprehended.  The victims in each of the aforementioned robberies and the attempted carjacking identified defendant as the perpetrator.

On April 14, 2008, a jury found defendant guilty of eight felonies:  second degree robbery (§ 212.5, subd. (c); counts 1–4), exhibiting a firearm or deadly weapon with intent to resist arrest (§ 417.8; count 5), attempted carjacking (§§ 664/215, subd. (a); count 6), possession of a firearm by a convicted felon (§ 12021, subd. (a)(1); count 7) and

---

[1]    All undesignated statutory references are to the Penal Code unless otherwise indicated.

obstructing or resisting an executive officer (§ 69; count 8). As to count 1, the jury found true that defendant was armed with a firearm (§ 12022, subd. (a)(1)) and personally used a firearm (§ 12022.53, subd. (b)). As to all counts, the trial court found true that defendant had suffered six prior strike convictions (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) which also qualified as prior serious felony convictions (§ 667, subd. (a)).

On June 24, 2008, defendant was sentenced to 76 years plus 151 years to life in prison. On September 7, 2010, defendant was resentenced to 52 years plus 175 years to life.[2]

On November 6, 2024, the trial court resentenced defendant pursuant to section 1172.75, to 10 years plus 150 years to life.

Defendant filed a notice of appeal on November 18, 2024.

## DISCUSSION

### A. Parties' Arguments

#### i. Defendant's Arguments

Defendant contends that due to the length of his incarceration (18 years), his current age (65), his physical limitations (he walks with a walker, cannot stand for long periods of time, and has circulatory problems in his toes and feet due to diabetes), and his rehabilitation in prison (he conducts religious services for terminally-ill patients), he no longer represents the same risk to the community that he once did. As a result, defendant argues that in resentencing him, the trial court should have dismissed his prior strike

---

[2] Defendant was originally sentenced to 25 years to life on count 8, which was stayed under section 654. The record on appeal of the trial court's September 7, 2010 resentencing includes only the abstract of judgment, which is silent regarding whether the sentence for count 8—six years plus 25 years to life—was to be served concurrently or consecutively. Assuming the trial court did not specify whether the sentence for count 8 was to be served concurrently or consecutively, by operation of law, it was to be served concurrently. (§ 669, subd. (b).) If on the other hand, the trial court pronounced that the sentence for count 8 was to be served consecutively, then the sentence was 58 years plus 200 years to life.

convictions sufficient to either result in a sentence of 31 years four months, or a single sentence of 25 years to life, such that he would have a chance to be released from prison in his old age. Defendant argues that the 160-year-to-life sentence imposed by the court rendered "[section] 1172.75 relief meaningless," and as such, the court acted arbitrarily and abused its sentencing discretion. Defendant requests that this court vacate his sentence, remand the matter to the court to dismiss his prior strike convictions for purposes of sentencing, and "consider whether continued indefinite incarceration serves any purpose in light of [his] age and disability."

### ii. The People's Arguments

The People respond that in resentencing defendant, the trial court fully complied with the requirements of section 1172.75: (1) it dismissed the prior prison term enhancements, as required, (2) exercised its discretion to dismiss the prior serious felony conviction enhancements, and (3) while considering evidence of defendant's age, health, criminal history, remoteness of prior strikes, and his rehabilitation efforts, properly exercised its discretion in declining to dismiss the prior strikes convictions. The People contend that while section 1172.75 generally requires that an offender's new sentence be less than his prior sentence, it does not require that defendant be released from custody earlier. The People maintain that the court did not abuse its discretion, and request that this court affirm the trial court's judgment.

### B. Section 1172.75 Proceedings

At the November 6, 2024 sentencing hearing, the trial court considered evidence and arguments submitted by defense counsel and the prosecution.

### i. Evidence and Arguments Submitted by Defense

Prior to the November 6, 2024 sentencing hearing, counsel for defendant filed a sentencing statement supported by exhibits, which the trial court said it reviewed multiple times in advance of the hearing. Attached to the sentencing statement were five exhibits, A through E. Defense counsel stated that defendant was a 64-year-old medically disabled

individual. His disability stemmed primarily from diabetes and its secondary physical complications. Defense counsel also stated that defendant had a seizure disorder for which he took medication. Defendant also received mental health treatment in prison. Defendant's disabilities required that he sleep on the bottom bunk, limited him to lifting no more than 20 pounds, and prevented him from walking up steps.

Defendant worked as a porter for inmates in palliative care and assisted them with their basic needs. Defendant was an imam in the Muslim faith and in that role led religious services for other inmates and provided spiritual comfort for inmates receiving palliative care.

Given his medical condition and work with other inmates, defense counsel requested that the trial court dismiss (1) "invalid priors" which we understand to be a reference to the one-year sentence enhancements imposed pursuant to section 667.5, former subdivision (b), (2) enhancements for prior serious felonies imposed pursuant to section 667, subdivision (a), and (3) all but one of defendant's prior strike convictions for sentencing purposes, which would have resulted in an aggregate sentence of 31 years four months.

Exhibit A of the sentencing statement consisted of a handwritten personal statement from defendant describing his childhood and the trauma he suffered in his youth. Exhibit B consisted of classification chronological reports from the Department of Corrections and Rehabilitation (CDCR). Exhibit C included medical records pertaining to defendant. Exhibit D contained defendant's educational records. Finally, Exhibit E detailed accommodations made for defendant's religious practices.

### ii. Evidence and Arguments Submitted by Prosecution

The prosecution did not file an opposition in advance of the hearing. At the hearing, the prosecution offered, and the court admitted without objection from defense counsel, five exhibits. Exhibit 1 was a document entitled "Mugshot Profile" from the Kern County Sheriff's Office that included a photograph and identifying information

about defendant. Exhibit 2 was a document entitled "IMAGE RECORD FOR:" defendant from the Department of Motor Vehicles, which included his photograph and identifying information. Exhibit 3 was a certified copy of a California Law Enforcement Telecommunications System (CLETS) printout regarding defendant. Exhibit 4 was out-of-state criminal history report for defendant. Exhibit 5 was an addendum to the document included as Exhibit 4.

At the resentencing hearing, the prosecutor argued that the trial court should follow the recommendation of the probation officer (summarized below) because of defendant's history of serious criminal misconduct, including the use of firearms to threaten violence in his commission of multiple robberies. While the prosecutor acknowledged that defendant had done "good work in prison," when he was out of prison defendant was a danger to the community. The prosecutor argued that defendant's repeated criminal conduct made defendant a "poster child for the Three Strikes" law.

### iii. Probation Officer's Reports

The record includes probation officer's reports filed in 2008, 2010, 2022, and 2023. According to the 2008 report, defendant had prior convictions for larceny (1980), burglary and larceny (1980), burglary (1981), robbery (1982), and federal convictions for theft (1987) and bank robbery (1989). The report also indicated that he had multiple parole violations in the 1980's. On his 1989 bank robbery conviction, defendant was sentenced to 210 months in custody (17.5 years) and three years' probation.[3] Defendant

---

[3] Generally speaking, federal criminal defendants cannot be sentenced to a term of imprisonment and probation for the same non-petty offense. (See, e.g., *U.S. v. Forbes* (9th Cir. 1999) 172 F.3d 675, 676 [holding that "[t]he statute [18 U.S.C. § 3561, subdivision (a)(3)] precludes the imposition of both probation and straight imprisonment."] We presume then, that the probation officer's reference to violation of federal probation was a violation of his supervised release, which may be combined with a term of imprisonment. (See, e.g., 18 U.S.C. § 3583, which authorizes courts to sentence a defendant to a term of supervised release after imprisonment.)

was placed in custody for 90 days for violating his conditional release in 2005 and 11 months for violating his probation in 2006.

For his resentencing pursuant to section 1172.75, the probation officer recommended that the trial court sentence defendant as a third-strike defendant on each count, to wit:  to 25 years to life on counts 1 through 6, with counts 2 through 6 to be served consecutively, plus a determinate term of 40 years.  On count 7, the probation officer recommended that defendant be sentenced to 25 years to life, to be served concurrently.  On count 8, the probation officer recommended that defendant be sentenced to 25 years to life, stayed pursuant to section 654.  In addition, the probation officer recommended that the trial court impose various restitution fines and statutory fees.

### iv.    The Trial Court's Comments Prior to Imposing Sentence

After receiving the foregoing evidence and argument from the parties and the recommendation of the probation officer, the trial court explained its assessment of defendant's suitability for a reduced sentence:

> "THE COURT:  This case poses to this court an odd and unusual juxtaposition.  [Defendant's] criminal history is substantial and significant and he is, as [the prosecutor] put it at the time of his conviction [and] certainly I agreed[,] he was the poster child for the Three-Strikes law.  However, [defendant] has demonstrated over the course of the last 17 years that there has been [a] change in his circumstances and most likely in who he is as a person and that's not lost on the court and in that respect he is quite frankly the poster child for the reh[a]bilitative process that can occur while in CDCR custody and so we have those competing influences presented in front of this court.  The court is not able to simply I don't want to say ignore because, [defense counsel], I don't think that's what you're asking me to do.  I don't think you're asking me to ignore his prior criminal history.

> "[DEFENSE COUNSEL]:  No.

> "THE COURT:  So I don't like that term but I cannot disregard the substantial criminal history and the fact that many of these crimes appear to

7.

be somewhat similar in nature; robberies, firearms, burglaries, things of that nature. But I also can't disregard what he has done to improve his lot and to be a productive member of his current community, which also does carry weight. So with that in mind, I am prepared to exercise the discretion that I have been provided under numerous statutes including [sections] 1172.75 and 1385 … and I am prepared to … resentence … [defendant]."

With these thoughts in mind, the trial court declined to strike defendant's prior strike convictions and resentenced defendant to 10 years plus 150 years to life.

### C. The Trial Court Did Not Abuse Its Discretion at the Section 1172.75 Resentencing Hearing

#### i. Applicable Law

Section 1172.75 makes any sentence enhancement imposed prior to January 1, 2020, pursuant to subdivision (b) of section 667.5, legally invalid unless it was imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of section 6600 of the Welfare and Institutions Code. (§ 1172.75, subd. (a).)

In a resentencing conducted pursuant to section 1172.75, the court (1) must ensure that the resulting sentence is less than the original sentence "unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety," (2) shall apply the Judicial Council's sentencing rules and any other changes in law "that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing," and (3) where applicable, "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1172.75, subd. (d)(1), (d)(2), & (d)(4).) In addition, the resentencing court may consider postconviction evidence, if any, such as the defendant's disciplinary record, rehabilitation record, whether the defendant's age, time served, or diminished physical condition have reduced the risk of

future violence, and evidence that circumstances have changed since the defendant was originally sentenced "so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

An eligible defendant under section 1172.75 is entitled to a full resentencing. (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1067, fn. 3 ["where § 1172.75 applies, it requires full resentencing, not simply striking the now-invalidated priors"]; *People v. Monroe* (2022) 85 Cal.App.5th 393, 401–402 ["[b]y its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements"]).

"[S]ection 1172.75, subdivision (d), vests the superior court with broad discretion based on an inherently factual inquiry" in resentencing a defendant, and we review the resentencing order for an abuse of that discretion. (*People v. Garcia* (2024) 101 Cal.App.5th 848, 856−857.) When reviewing a decision for abuse of discretion, the appellate court does not reweigh the evidence. (*People v. Johnson & Johnson* (2022) 77 Cal.App.5th 295, 352; *People v. JTH Tax, Inc.* (2013) 212 Cal.App.4th 1219, 1250.)

### ii. *Romero* Motion

In *Romero*, our Supreme Court "explained that the 'power to dismiss an action,' … 'in furtherance of justice' pursuant to … section 1385[, subdivision ](a), 'includes the lesser power to strike … allegations' or vacate findings 'relevant to sentencing, such as the allegation' or finding 'that a defendant has prior felony convictions.' " (*People v. Williams* (1998) 17 Cal.4th 148, 151 (*Williams*).)

In ruling on a motion to dismiss a prior strike conviction under the Three Strikes law, the trial court must consider the "nature and circumstances" of the present felonies and prior convictions, as well as the defendant's "background, character, and prospects." (*Williams*, *supra*, 17 Cal.4th at p. 161.) The court must then determine whether the defendant should be considered outside of the spirit of the Three Strikes sentencing

9.

scheme, in whole or in part, and thus should be treated as though he had not previously been convicted of one or more strike offenses. (*Ibid*.)

We review an order on a *Romero* motion for an abuse of discretion. (*Williams*, *supra*, 17 Cal.4th at p. 162.) This review is "guided by two fundamental precepts." (*People v. Carmony* (2004) 33 Cal.4th 367, 376.) First, the party challenging the sentence has the burden to clearly demonstrate the sentencing decision was arbitrary or irrational. (*Ibid*.) Otherwise, we presume the trial court acted to achieve legitimate sentencing objectives and will not set aside its discretionary determination to impose a particular sentence. (*Id*. at pp. 376–377.) Second, we will not reverse a sentencing decision merely because reasonable people may disagree. (*Id*. at p. 377.) "Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Ibid*.) Because "extraordinary circumstances" must be present for a career criminal to be deemed outside the spirit of the Three Strikes law, even more extraordinary circumstances must be present for a reviewing court to find that no reasonable people could disagree that such a person is outside the spirit of the law. (*Id*. at p. 378.)

### iii. The Trial Court Did Not Abuse its Discretion

The trial court's denial of defendant's motion was not irrational or arbitrary. Defendant has an extensive criminal history predating his current offenses. This record has kept him in custody or under supervision for much of his adult life. Defendant was convicted of various theft, burglary, and robbery offenses throughout the 1980's until he was incarcerated for two counts of bank robbery in 1989. From 1981 to the commission of his present offenses, defendant violated probation or parole on multiple occasions. Then, within a year of his release from a violation of his supervised release related to his 1989 bank robbery convictions, he committed the instant offenses between May and June 2007. While defendant's most recent prior strike conviction took place roughly 18 years prior to the case at bar, "[i]n determining whether a prior conviction is remote,

10.

the trial court should not simply consult the Gregorian calendar with blinders on." (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813; see *People v. Solis* (2015) 232 Cal.App.4th 1108, 1124 [a prior strike conviction is not properly stricken merely because it is 30 years old].) "To be sure, a prior conviction may be stricken if it is remote in time. In criminal law parlance, this is sometimes referred to as 'washing out.' [Citations.] The phrase is apt because it carries the connotation of a crime-free cleansing period of rehabilitation after a defendant has had the opportunity to reflect upon the error of his or her ways." (*Humphrey*, at p. 813.) Here, defendant did not live a " 'legally blameless life' " after his prior strike convictions—he committed the present offenses, a series of armed robberies. (*Ibid*.)

Moreover, defendant having committed a series of armed robberies after having suffered multiple theft, burglary, and robbery convictions " 'reveal[ed] that [he] had been taught, through the application of formal sanction, that [such] criminal conduct was unacceptable—but had failed or refused to learn his lesson.' " (*Williams*, *supra*, 17 Cal.4th at p. 163.)

Notwithstanding the trial court's recognition of defendant's criminal past and the seriousness of the offenses for which he is presently incarcerated, the court gave weight to defendant's efforts to improve himself while incarcerated and found that he had shown himself to be a "poster child" for the rehabilitative process that can occur for some people in custody. The court made clear that it took these facts into account in exercising its discretion while sentencing defendant.

This careful weighing of defendant's unique circumstances is apparent in the sentence imposed by the trial court. Not only did the court dismiss the invalid one-year prison priors but also dismissed each of the five-year enhancements for defendant's prior serious felony convictions. This exercise of discretion in sentencing reflects a careful weighing of competing facts, which was consistent with the court's duty, and was not irrational or arbitrary.

Defendant argues that the trial court erred by not placing more emphasis and weight on the postconviction factors identified in section 1172.75, subdivision (d)(3)—especially his age, time served, and diminished physical condition—to find that he no longer represented a risk of further violence such that continued incarceration was no longer in the interest of justice. But there is nothing in the record showing that the court ignored this evidence and "[t]he court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310; accord, *People v. Edwards* (2022) 76 Cal.App.5th 523, 529; *People v. Brugman* (2021) 62 Cal.App.5th 608, 637.) The trial court was not obligated to explain its reasoning as to every relevant factor, and we do not infer that the court failed to consider certain factors because it did not mention them on the record.

Defendant argues that the "weight of the record" shows that defendant is no longer a threat to the community and that continued incarceration does not serve the interest of justice. We do not discount that this may be a reasonable assessment of the evidence, but we cannot say that it is the only assessment on which reasonable people can agree. It also not the role of this court to reweigh the evidence before the trial court. (*People v. Johnson & Johnson*, *supra*, 77 Cal.App.5th at p. 352; *People v. JTH Tax, Inc.*, *supra*, 212 Cal.App.4th at p. 1250.)

Defendant's efforts to rehabilitate himself in prison through his religious faith and caring for other inmates are commendable, as recognized by the trial court. That evidence does not, however, compel a finding that defendant is not a threat to public safety such that continued incarceration is not in the interest of justice or that he is outside the spirit of the Three Strikes law.

Based on the record before this court, we find the trial court's decision to not dismiss appellant's prior strike convictions was not "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony*, *supra*, 33 Cal.4th at p. 377.) Accordingly, appellant has not demonstrated an abuse of discretion.

## **DISPOSITION**

The judgment is affirmed.